257 So.2d 717 (1972)
Mrs. Richard EASTIN, d/b/a St. Martin Oil Company, Plaintiff-Appellant,
v.
Howard RAMEY, d/b/a Ramey Well Service, Defendant-Appellee.
No. 3714.
Court of Appeal of Louisiana, Third Circuit.
January 21, 1972.
J. Burton Willis, St. Martinville, for plaintiff-appellant.
Richard J. Bertrand, Lafayette, for defendant-appellee.
Before CULPEPPER, MILLER and DOMENGEAUX, JJ.
MILLER, Judge.
Mrs. Richard Eastin sued Howard Ramey for the amount due on open account. Defendant admitted that $1,185.54 was due and unpaid but contended that the purchases of diesel, gas, etc. were made by Ramey Well Service, Inc. The trial court found that defendant Ramey was not personally liable. We reverse.
There was no showing that plaintiff was placed on notice that the purchases were made by or on behalf of a corporation. Defendant Ramey did not testify. It was stipulated that "if the defendant were present in court and testifying, that he would testify to:
"(1) That Ramey Well Service is a corporation incorporated under the laws of the State of Louisiana.
"(2) That the purchases were made for and on behalf of Ramey Well Service, Inc. and not Howard Ramey as an individual."
Plaintiff's grandson, the assistant station manager, was the only witness to testify. The station manager's affidavit that "Howard Ramey, d/b/a Ramey Well Service purchased oil, gas, etc., from petitioner" was admitted in evidence without objection. Tr. 4, 28, 29.
The assistant manager testified that he had full authority to extend credit; that the account was accepted on a phone call from defendant in which Ramey stated: "This is Howard Ramey. I have a well *718 working and I would like for you to send me some diesel to it." The assistant manager testified that merchandise was sold for a period of one year; that he was not placed on notice by Ramey or anyone that Ramey Well Service was incorporated or that the purchases were being made by or for a corporation; and that he obtained an address for defendant from the telephone directory which listed "RAMEY WELL SERVICE". There is no suggestion from the record that Ramey Well Service had indicated "Inc." after its name on its rigs, trucks, letterheads or checks. As noted, plaintiff affirmatively showed that there was a telephone listing for Ramey Well Service but none for Ramey Well Service, Inc.
The trial court found that "plaintiff failed to prove that the defendant as an individual incurred this obligation and it was also shown that Ramey Well Service was a corporation organized and domiciled in Lafayette Parish." The effect of this ruling is to place on plaintiff the burden of proving that defendant purchased the gas, diesel, etc. for himself and not for the corporation. This is not correct. The agent has the burden to prove he disclosed this agency status and the identity of his principal, if he wishes to avoid personal liability. LSA-C.C. Articles 3012, 3013. See Prevost v. Gomez, 251 So.2d 470 (La.App., 1 Cir. 1971) and McKay v. Vesley, 163 So.2d 121 (La.App., 3 Cir.1964).
We find defendant failed to prove plaintiff had notice that Ramey Well Service was incorporated; that the name of Ramey Well Service, Inc. was used at any time by defendant or plaintiff; or that plaintiff had reason to suspect that the purchases were made for and on behalf of the corporation. The stipulations as to what Ramey would testify to did not suggest that plaintiff was informed that purchases were being made for the corporation.
The judgment of the trial court rejecting the demands of plaintiff against Howard Ramey d/b/a Ramey Well Service is reversed and judgment is rendered in favor of Mrs. Richard Eastin d/b/a St. Martin Oil Company and against Howard Ramey d/b/a Ramey Well Service for the sum of $1,185.54 together with legal interest thereon from judicial demand until paid and for all costs of court both at trial and on appeal.
Reversed and rendered.