305 So.2d 730 (1974)
CHARTRES CORPORATION
v.
Clarence TWILBECK.
No. 6512.
Court of Appeal of Louisiana, Fourth Circuit.
December 10, 1974.
*731 Derbes & Derbes, James G. Derbes, New Orleans, for plaintiff-appellant.
Walker H. Drake, Jr., New Orleans, Edward S. Bopp, Arabi, for defendant-appellee.
Before GULOTTA, BOUTALL and BEER, JJ.
GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing its suit against defendant individually on an open account. The trial judge found the plaintiff had dealt with the defendant as a corporate agent and not as an individual; therefore, the defendant was not personally liable for the debt incurred.
The question before us is whether the obligation is an individual debt of the defendant or a debt of the corporation for which defendant was an agent.
On appeal, plaintiff contends that Twilbeck is personally liable for the debt because of his failure to disclose that he was purchasing in his capacity as an agent of the corporation. According to plaintiff, and invoices and bid proposals were made to defendant in the name of Twilbeck and Sons and were signed by Twilbeck. Plaintiff's position is that none of these documents indicated that the purchases were made by the corporation or made in the corporate name. Plaintiff maintains upon receipt of the bid proposals in invoices in the name of "C. Twilbeck & Sons"[1] and not the corporate name, defendant had a responsibility of disclosing that the purchases were being made for the corporation and that he was acting in his capacity as agent of the corporation.
Defendant agrees that under ordinary circumstances an agent has the responsibility of disclosure. However, defendant claims no necessity of disclosure existed in the instant case since plaintiff was either aware or should have been aware of the corporate existence and of Twilbeck's capacity as an agent of the corporation.
Twilbeck claims that the bid proposals and invoices in the name of "C. Twilbeck & Sons indicate plaintiff was aware that defendant was acting in a capacity other than as an individual. Additional reasons relied on by defendant are that plaintiff sought him out for the jobs; that the corporate charter was a matter of record; that the corporation was in existence prior to the purchases by defendant; and that defendant had advised plaintiff's salesman of the existence of the corporation and of Twilbeck's capacity as an agent. Defendant points out that plaintiff could have produced the salesman to refute Twilbeck's testimony but failed to do so.
Twilbeck further maintains he did not withhold information or fail to advise plaintiff of his relationship with the corporation.
In dismissing plaintiff's suit, the trial judge stated in his reasons for judgment that he concluded defendant did not deliberately *732 withhold information about the existence of the corporation, nor had deceived plaintiff into believing that defendant was making these purchases in an individual capacity. He found defendant acted in his corporate capacity.
We differ with the learned trial judge as a matter of law. Our appreciation of the statutory and jurisprudential authority is that it is not the seller's burden to show that the purchaser either by deceit or fraud deliberately withheld information of his capacity as an agent of the corporation or of the corporate existence. It is the agent's duty to disclose his capacity as agent of the corporation if he is to escape personal liability. See LSA-C.C. art. 3012 and art. 3013; Williams v. O'Bryan, 257 So.2d 174 (La.App. 3d Cir. 1972); Analab, Inc. v. Bank of South, 271 So.2d 73 (La.App. 4th Cir. 1972); Bush v. Saucier, 197 So.2d 907 (La.App. 1st Cir. 1967); Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir. 1971). Furthermore, the burden of proving disclosure of corporate existence and corporate capacity is placed on those who assert the agent relationship. See Eastin v. Ramey, 257 So.2d 717 (La. App. 3rd Cir. 1972).
We reject defendant's argument that the evidence supports a conclusion that plaintiff was aware or should have been aware that Twilbeck was acting in his capacity as a corporate agent relieving him of the duty of disclosure. While it is true that Twilbeck testified that he advised a salesman for plaintiff of his relationship with the corporation, defendant stated that he did not talk to the salesman about the invoices not being in the corporate name.
We find it significant that the bid proposals and invoices are not in the corporate name and the documents bear Twilbeck's signature without any indication that he signed in some corporate capacity. Further, Twilbeck testified that he did not know whether plaintiff was aware that Twilbeck & Sons was incorporated. Of further significance is the fact that defendant had made prior purchases from plaintiff and had made payment by check, yet no documents or canceled checks were produced by the defendant showing payment to plaintiff by checks from the corporate account. Though Twilbeck made mention that his stationary letterhead was in the corporate name, defendant stated he did not notify plaintiff by letter of his corporate status. No letterheads were introduced in evidence.
It is important to note that the corporation is a family one with only Twilbeck and his wife owning stock, according to Twilbeck's testimony. The business was operated from defendant's home. Apparently, there was no separate corporate office, vehicle or equipment which bore the corporate name.
Gladys Bond, the treasurer of the plaintiff corporation testified that defendant had done business with plaintiff over a period of years and that she had never been advised by defendant or anyone acting on defendant's behalf that Twilbeck was doing business as a corporation. She further testified that plaintiff did not have any documents in their file which indicated that defendant enjoyed a corporate status. She stated she had no idea that defendant was acting in a corporate capacity.
From our consideration of the transactions between the parties, we conclude that plaintiff was not aware not should have been aware that Twilbeck acted in any capacity other than as an individual. In such instance, defendant has the responsibility of disclosing that he was purchasing in his capacity as an agent of the corporation and not individually. He also has the burden of proving disclosure. Twilbeck failed to do so. Plaintiff is entitled to recover against Twilbeck individually. The judgment is reversed.
Accordingly, judgment is now rendered in favor of plaintiff Chartres Corporation *733 and against defendant Clarence Twilbeck[2] in the sum of $1,572.62[3] with interest from date of judicial demand until paid. Costs to be paid by defendant.
Reversed and rendered.
NOTES
[1] The corporate name according to the charter is Twilbeck & Son General Contractors, Inc.
[2] We note that suit is directed against Clarence Twilbeck but the testimony reflects that all the negotiations and transactions were with Clarence Twilbeck, Jr. which may or may not be the subject of another lawsuit. However, this matter is not before us.
[3] We note also the amount of the statement shows a balance due in the sum of $1,572.62. The petition seeks recovery in the sum of $1,518.62. No objection was raised on the amount of the statement in the sum of $1,572.62 when offered.

See LSA-C.C.P. art. 1154.