MARVIN, Judge.
McKinnon appeals from a judgment for property damage caused by the collapse of an aluminum carport which he sold to a homeowner. McKinnon contends on appeal that plaintiffs have sued the wrong person and that he cannot be personally liable because he made full disclosure to the homeowner that he was merely a salesman for Ark-La-Tex Aluminum Awning Company, a proprietorship of another. We affirm.
The carport collapsed about seven months after it was erected and attached to the homeowner’s residence. The trial court found that the carport was defectively designed and installed and would not support the weight of some five inches of snow which had accumulated on it. The evidence supports these findings.
Plaintiffs sued McKinnon “d/b/a Ark-LaTex Aluminum Awning Company” on February 1, 1978. McKinnon answered, admitting that he sold the carport and that the carport was installed. McKinnon affirmatively answered that Ark-La-Tex Aluminum Awning Company had been designing, building and installing aluminum carports since 1956 and none of these carports had collapsed, that the collapse was caused by an “act of God”, or that the collapse was caused by the homeowner’s negligence or contributory negligence in sweeping snow off the roof of his home onto the carport and in failing to keep drains open.
McKinnon never alleged that the business was owned not by him, but by another. At the trial on March 9, 1979, McKinnon’s witness, Brady Henderson, testified that he was the sole owner of the proprietorship, Ark-La-Tex Aluminum Awning Company, that McKinnon was his employee-salesman, and that the carport had been erected by employees of the company other than McKinnon.
After the trial court partially pronounced its reasons for judgment and requested briefs on the question of McKinnon’s liability, plaintiffs ruled McKinnon to show cause why plaintiffs should not be allowed to amend their petition to add Henderson, d/b/a Ark-La-Tex Aluminum Awning Company, as a party defendant. McKinnon answered by denying all allegations of the petition for the rule and by objecting to any amendment on the grounds that plaintiffs were attempting to supplement their petition and on the further grounds that any action against Brady Henderson had prescribed. The trial court overruled the petition for the rule and pronounced its judgment on March 26, 1979. The trial court’s judgment was signed April 2, 1979 and was against McKinnon, individually, and not as proprietor.
An agent, of course, is not responsible to one with whom he contracts unless he has bound himself personally. CC Art. 3013. The burden in such cases, however, is on the *1040 agent to show that he clearly disclosed his agency status and the identity of his principal. Eastin v. Ramey, 257 So.2d 717 (La.App. 3d Cir. 1972).
Likewise, a defendant’s legal shield from personal liability when he has openly disclosed he is acting as an agent (salesman-employee) for a principal (employer), is a matter which we find is an affirmative defense. CCP 1003, 1005.
“An affirmative defense raises new matter which, assuming the allegations in the petition are true, . . . will have the effect of defeating plaintiff’s demands on its [the affirmative defense’s] merits.” Webster v. Rushing, 316 So.2d 111, 114 (La.1975)
McKinnon not only did not plead his status as a disclosed salesman-employee of another, he attempted to defeat plaintiffs’ adding of Henderson, the true proprietor, as a defendant after trial when it was revealed in testimony that Henderson was the proprietor.
McKinnon admits conversing with the homeowner’s wife “numerous times” after the sale about ornaments for and leaks in the carport. He does not admit receiving a telephone call from the homeowner three days before the collapse of the awning about the impending collapse, as the homeowner testified. In any event, however, the record establishes that it was McKinnon with whom the homeowner and his wife dealt with respect to the carport. McKin-non’s posture during the proceedings compels us to conclude that he made no attempt to disclose to the homeowner that he was acting for Brady Henderson, the true proprietor, until the trial and then he objected to the joinder of Henderson as a defendant before judgment.
Under these circumstances, at appellant's cost, judgment below is AFFIRMED.