385 So.2d 450 (1980)
J. T. DOIRON, INC., Realtor
v.
Ed LUNDIN.
No. 13321.
Court of Appeal of Louisiana, First Circuit.
May 5, 1980.
*451 Joseph A. Perrault, Jr., Baton Rouge, for plaintiff-appellant J. T. Doiron, Inc., Realtor.
Macallynn J. Achee, Baton Rouge, for defendant-appellee Ed Lundin, Sr.
Before COVINGTON, LOTTINGER and COLE, JJ.
LOTTINGER, Judge.
This is a suit by the plaintiff to collect a $1,200.00 fee for appraising two pieces of property in Baton Rouge. The defendant admitted the appraisal was conducted but claimed that it was requested and done for a corporation, Tasco, Inc. (Tasco), and not for the defendant in his personal capacity. The trial judge ruled in favor of the defendant and the plaintiff has timely appealed.
The sole issue on appeal is whether the plaintiff knew or should have known that the defendant was acting as an agent of Tasco, Inc. when he requested the appraisal.
The defendant, Ed Lundin, Sr., was vice president of Tasco, Inc. during the period pertinent to this case. He previously owned the sheet metal and roofing company, but sold his interest in the outfit in the early 1970's to the Belanger family. Walter Belanger became president of Tasco. In late 1976, at the request of Belanger, the defendant contacted representatives of the Doiron Company to make an appraisal on two pieces of property. One of the pieces of property was assessed in Tasco's name, while the other was assessed in the name of a third party.
Russell and Clifford Doiron, representatives of the plaintiff firm responded to the defendant's phone call and met the defendant at Tasco's office the following day to discuss the appraisal. The testimony is conflicting *452 as to what transpired during this initial visit.
The Doirons claim they dealt predominantly with the defendant, who they say approved the appraisal work and agreed to the quoted fee of $1,200.00. They contend they were never told by the defendant or anyone else at Tasco that the appraisal was being done for the company rather than for the defendant or that the defendant had requested the appraisal as an agent on Tasco's behalf.
The defendant, his son and Belanger all indicated that the plaintiff's representatives were or should have been aware that the work was being done for Tasco. The initial discussion took place at Tasco's office where Tasco, Inc. signs were prominently displayed; much of the discussion was conducted with Belanger rather than the defendant; and one of the pieces of property appraised was assessed in Tasco's name. None of the defendant's witnesses, including the defendant himself, testified unequivocally that the defendant informed the plaintiff's representatives that he was acting as an agent of Tasco in requesting the appraisal. The defendant's witnesses seemed to conclude that the defendant's status as an agent was obvious from all the surrounding circumstances. They seemed to assume that the plaintiff representatives knew of the agent/principal relationship.
After appraising the two properties, the plaintiff's representatives hand delivered a copy of the appraisal to the defendant. An attached invoice was made out to the defendant in care of Tasco, Inc. The invoice was never paid. Tasco went bankrupt and after repeated attempts to collect the bill, the plaintiff filed this suit.
The trial court apparently agreed with the plaintiff that the defendant never actually told the plaintiff's representatives that the defendant was acting as Tasco's agent. However, in his written reasons for judgment, the trial judge held there was sufficient evidence to conclude "that plaintiff, as a businessman, knew or should have known that defendant was an officer of Tasco, Inc. and that the request for an appraisal was made in the name of the corporation and not at defendant's personal instance." Pointing to the fact that Tasco's corporate logo was prominently displayed at the office and that the plaintiff repeatedly sought payment from the defendant in care of Tasco, Inc., the trial judge held that the plaintiff was cognizant of the defendant's relationship to Tasco. He therefore relieved the defendant of personal liability.
Louisiana law has long provided that an agent who fails to disclose his status and his principal's identity becomes personally liable for debts incurred at his behest, even if the work is done for the benefit of his principal. LSA-C.C. arts. 3012, 3013; Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir.1974); Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir.1971); Bush v. Saucier, 197 So.2d 907 (La.App. 1st Cir.1967); Three Rivers Hardwood Lumber Co. v. Gibson, 181 So. 607 (La.App. 2nd Cir.1938); Bedford, Breedlove & Robeson v. Jacobs, 4 Mart.N.S. 528, 8 Mart.O.S. 267 (1826).
The general rule gleaned from the above authorities places an affirmative duty on the agent to tell those with whom he is dealing that he is an agent acting for a certain principal. Absent disclosure of a special status, the law presumes that a person is acting in his individual capacity and holds him personally liable for his actions. The person who claims he is acting as an agent bears the burden of proof at trial to show this special status.
What constitutes disclosure sufficient to put a third party on notice of a principal/agent relationship has been the turning point of some cases. Prevost v. Gomez, supra; Three Rivers Hardwood Lumber Co. v. Gibson, supra; Wilson v. McNabb, 157 So.2d 897 (La.App. 1st Cir. 1963); Chartres Corporation v. Twilbeck, supra. Certainly, actual written or verbal communication by the agent to the party with whom he is dealing is the best method to disclose the agent's status. The agent who reveals his status and his principal's identity in such a way has performed the *453 affirmative duty placed on him by the law and has removed the presumption that he acted in his individual capacity.
But when such a straightforward disclosure is not employed, an agent still may be able to escape individual liability by proving that sufficient indicia of the agency relationship were known by the third party to put him on notice of the principal/agent relationship. Express notice of the agent's status and the principal's identity is unnecessary if facts and circumstances surrounding the transaction, combined with the general knowledge that persons in that type of business are usually acting as agents, demonstrate affirmatively that the third person should be charged with notice of the relationship. Prevost v. Gomez, supra; Three Rivers Hardwood Lumber Co. v. Gibson, supra, quoting at length with approval 3 C.J.S. § 216.
In the case at bar, the initial meeting to discuss what was expected of plaintiff took place in the offices of Tasco, which was located in a building owned by Tasco, and upon which was prominently displayed the logo of Tasco. The appraisal report states that one of the properties appraised was assessed to Tasco. In addition to defendant, defendant's son, an employee of Tasco, and the president of Tasco testified that defendant was representing the corporation in any conversations he had with representatives of plaintiff. We must conclude, as did the trial judge, that there are sufficient facts and circumstances surrounding this transaction known to plaintiff as to put it on notice that defendant was not acting as principal, but rather as agent.
Therefore, for the above and foregoing reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.