434 So.2d 673 (1983)
MARTIN HOME CENTER, INC., Plaintiff-Appellant,
v.
Jesse STAFFORD, Jr., et al., Defendants-Appellees.
No. 83-40.
Court of Appeal of Louisiana, Third Circuit.
June 29, 1983.
F. Jefferson Millican, Jennings, for plaintiff-appellant.
J. Lyle DeBellevue, Reggie, Harrington & Boswell, T. Barrett Harrington, Crowley, for defendants-appellees.
Before FORET, CUTRER and LABORDE, JJ.
LABORDE, Judge.
This is a suit on open account filed by plaintiff, Martin Home Center, Inc., against defendants, Jesse Stafford, Jr., Evon M. Smith and New Creations Enterprises, Inc. The trial court rendered judgment in favor of plaintiff and against defendant, New Creations Enterprises, Inc. for $27,892.30 plus 18% interest from February 25, 1981, until paid, plus 25% attorney's fees. As to defendants, Jesse Stafford, Jr., and Evon M. Smith, the trial court dismissed plaintiff's suit finding that Stafford and Smith's agency status, on behalf of the corporate defendant was properly disclosed. Plaintiff appeals and contends that the trial court erred by failing to hold Stafford and Smith personally liable for the debts incurred. We reverse in part, amend and affirm as amended.
*674 The sole issue on appeal is whether plaintiff knew or should have known that Stafford and Smith were acting as agents of New Creations Enterprises, Inc. when the debts were incurred.
Plaintiff, Martin Home Center, Inc., is in the business of selling building supplies and materials. It brought this suit to recover the amount owed them on the account of New Creations Enterprises. Plaintiff contends that it was not until the bulk of the account sued upon was due and owing that an indication was given that these purchases were being made on behalf of a corporate entity. Plaintiff alleges that the corporate status of New Creations Enterprises was not revealed to them until it was made aware that Stafford and Smith were unable to pay the debts incurred. At trial, William Wanless, the yard manager of Martin Home Center, Inc., and David Parker, the Internal Auditor, denied knowledge of the corporate existence of New Creations Enterprises. Wanless stated that to his knowledge, the goods purchased by Stafford and Smith were being sold to "New Creations Enterprises, which is Evon Smith and Jesse Stafford."
Smith admits that the debt sued upon is owed, but that plaintiff was aware of the corporate status of New Creations Enterprises. Smith testified that she told William Wanless that New Creations Enterprises was a corporation and she also introduced documents attempting to show that plaintiff was in fact aware of the corporate status of New Creations Enterprises.
The trial court, after receiving all the evidence and hearing the testimony of the individuals involved, found that Stafford and Smith were excused from personal liability for the debts since it felt that the agency status of Stafford and Smith was properly disclosed to plaintiff.
Under Louisiana law, an agent who fails to disclose his status and his principal's identity becomes personally liable for the debts incurred at his behest. LSA-C.C. Articles 3012, 3013; J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir.1980); Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir.1974).
The agent has an affirmative duty to prove that he disclosed his agency status and the identity of his principal if he wishes to avoid personal liability. LSA-C.C. Articles 3012, 3013; Eastin v. Ramey, 257 So.2d 717 (La.App. 3rd Cir.1972).
Express notice of the agent's status and the principal's identity is unnecessary if the facts and circumstances surrounding the transactions, combined with the general knowledge that persons in that business are usually acting as agents, demonstrate affirmatively that the third person should be charged with notice of the relationship. J.T. Doiron, Inc. v. Lundin, supra.
In the present case, documents were introduced in an attempt to show that the agency relationship was disclosed. The first document was a check dated July 12, 1979, drawn on the account of "New Creations Enterprises, Inc." This check was cashed by plaintiff and credited to New Creations Enterprises' account. The second document contained in the record is a purchase order to plaintiff dated September 15, 1979, which bears the letterhead or caption, "New Creations Enterprises, Inc.". Finally, a group of invoices dated February 2, 1980, made out to New Creations Enterprises, Inc. and marked paid were introduced into evidence. These documents, plus the self-serving testimony of Smith, are the only items of evidence showing that Stafford and Smith disclosed their agency relationship.
We do not feel that Stafford and Smith proved that express notification was given to plaintiff of their agency relationship. Nor do we feel that the isolated references to the corporate status of New Creations Enterprises in the document presented give rise to facts and circumstances which demonstrate affirmatively that plaintiff was aware of the agency relationship. See Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir. 1971). Therefore, we conclude that Stafford and Smith are individually liable for the debts that were incurred.
*675 The record shows that plaintiff received notice of Stafford and Smith's agency relationship during the first week of April, 1980. The record further shows that of the $27,892.30 sued upon, $2,116.59 of said debt was incurred after plaintiff had notice of the agency relationship. Therefore, Stafford and Smith are not individually liable for this $2,116.59.
For the above and foregoing reasons, the judgment of the trial court dismissing plaintiff's suit against Jesse Stafford, Jr. and Evon M. Smith is reversed and set aside and the judgment is amended and recast as follows:
IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of Martin Home Center, Inc. and against New Creations Enterprises, Inc., Jesse Stafford, Jr. and Evon M. Smith, in solido, in the amount of Twenty-five thousand seven hundred seventy-five and 71/100 ths ($25,775.71) Dollars, plus eighteen (18%) percent interest from February 25, 1981, until paid, plus twenty-five (25%) percent attorney's fees, and all costs of these proceedings.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein favor of Martin Home Center, Inc. and against New Creations Enterprises, Inc. in the amount of Two Thousand One Hundred Sixteen and 59/100ths ($2,116.59) Dollars plus eighteen (18%) percent interest from February 25, 1981 until paid, plus twenty-five (25%) percent attorney's fees, and all costs.
All costs of this appeal are assessed to New Creations Enterprises, Inc., Jesse Stafford, Jr. and Evon M. Smith.
REVERSED IN PART, AMENDED AND AFFIRMED AS AMENDED.