459 So.2d 1273 (1984)
FRANK'S DOOR & BUILDING SUPPLY, INC.
v.
DOUBLE H. CONSTRUCTION COMPANY, INC. and Stephen K. Heine.
No. 83 CA 1253.
Court of Appeal of Louisiana, First Circuit.
November 20, 1984.
*1274 Ronny Champlin, Baton Rouge, for plaintiff-appellee.
E. Wade Shows, Baton Rouge, for defendant-appellant.
Before COLE, CARTER and LANIER, JJ.
*1275 CARTER, Judge.
This is a suit on an open account filed by Frank's Door and Building Supply, Inc. against Double-H Construction, Inc. and Steven K. Heine.[1]
Steven K. Heine purchased certain construction goods from plaintiff on open account in the name of Double-H Construction, Inc., leaving an unpaid balance of $5,855.39. Despite demand for payment, the account remained delinquent. Whereupon, plaintiff filed suit against Double-H Construction, Inc. and Steven K. Heine for $5,855.39 plus attorney fees.
Double-H Construction, Inc. failed to answer plaintiff's petition, and a default judgment was taken against the corporation for $5,855.39 plus attorney fees. Defendant Steven Heine filed an answer in the form of a general denial. He later supplemented his answer denying personal liability for the indebtedness and alleging that any goods provided by plaintiff were received by authorized agents of defendant Double-H Construction, Inc.
The trial court rendered judgment in favor of plaintiff and against defendant Heine for $5,855.39, finding that defendant failed to prove disclosure of an agency relationship. From this judgment, defendant Heine appeals, assigning the following errors:
(1) The trial court erred in finding that defendant Heine was personally liable for the debt to plaintiff; and
(2) The trial court erred in rendering judgment in favor of Frank's Door and against Heine for the same debt for which defendant Double-H Construction, Inc. had been cast in a prior default judgment.[2]

Is defendant personally liable to Frank's Door and Building Supply for debts incurred?
Under Louisiana law, a principal is bound by the authorized or ratified acts of his agent. LSA-C.C. art. 3021. The agent, however, is liable to those with whom he contracts on behalf of his principal only when he has bound himself personally or has exceeded his authority without informing his co-contractant (person with whom he contracts) of the extent of his powers. LSA-C.C. art. 3013. Generally, an agent is held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. Williams v. O'Bryan, 257 So.2d 174 (La. App. 3rd Cir.1972); Foshee v. Hand-Enis Realty Co., 237 So.2d 437 (La.App. 3rd Cir.1970). The agent has the burden of proving that he disclosed this agency status and the identity of his principal if he wishes to avoid personal liability. LSA-C.C. art. 3012, 3013; Andrus v. Bourque, 442 So.2d 1383 (La.App. 3rd Cir.1983); Chartres Corporation v. Twilbeck, 305 So.2d 730 (La.App. 4th Cir.1974); Eastin v. Ramey, 257 So.2d 717 (La.App. 3rd Cir. 1972).
Express notice of the agent's status and the principal's identity is not required to escape personal liability if the agent proves that sufficient evidence of the agency relationship was known by the third party so as to put him on notice of the principal-agent relationship. J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1st Cir.1980).
In the case sub judice, numerous documents were introduced in an attempt to show that the agency relationship between Double-H Construction, Inc. and Steven Heine was disclosed to Frank's Door. Several checks drawn on the account of "Double H Construction, Inc." were cashed by plaintiff and credited to the account of "Double H Const. Co." Another document contained in the record is a credit application, dated February 27, 1981, which is signed by Steven K. Heine without any notation as to his representative capacity. *1276 "Double H Const." is also named on the credit application. Additionally, a group of ledger sheets in the name of "Double H Const. Co." were introduced into evidence. These documents, plus the self-serving testimony of Heine, are the only items of evidence showing that Heine disclosed his agency relationship.
We do not feel that Heine proved that express notification was given to plaintiff of any agency relationship. We also do not feel that the isolated references to the corporate status of Double-H Construction, Inc. in the documents presented give rise to facts and circumstances which demonstrate affirmatively that plaintiff was aware of the agency relationship. See Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir. 1971). Therefore, we conclude that Heine failed to disclose his agency relationship and is individually liable for the debts incurred.
Is Heine solidarily liable with Double-H Construction, Inc. for the debt?
LSA-C.C. art. 2091 defines an obligation in solido as follows:
There is an obligation in solido on the part of the debtors, when they are all obliged to the same thing, so that each may be compelled for the whole, and when the payment which is made by one of them, exonerates the others toward the creditor.
It is the coextensive obligation for the "same thing" (and not the source of liability) which creates the solidarity of the obligation. Narcise v. Illinois Cent. R. Co., 427 So.2d 1192 (La.1983). When it is not clear that the parties are obliged to the same thing, then an obligation in solido is not presumed and must be expressly stipulated. However, when it is entirely clear that the parties are all obliged to the same thing, then there is an obligation in solido by definition, as a matter of law, and there is no need to presume solidarity. LSA-C.C. art. 2093;[3]Narcise v. Illinois Cent. R. Co., supra.
Thus, a principal and an undisclosed agent are solidarily liable for a debt. Although the agent's liability is based upon his failure to disclose his principal and the principal's liability is imposed by law on the basis of the relationship (Article 3021), both are obliged to the same thing (to pay the debt owed to the third party). See Andrus v. Bourque, supra; Martin Home Center, Inc. v. Stafford, 434 So.2d 673 (La.App. 3rd Cir.1983); Livingston Roofing Co. v. E.E. Rabalais & Son, 401 So.2d 1047 (La.App. 3rd Cir.1981). Therefore, Heine is clearly solidarily liable with Double-H Construction, Inc. for the debt.
Is Plaintiff precluded from obtaining judgment against Heine because of previously rendered judgment against Double-H Construction, Inc.?
In LaBella Insulation, Inc. v. Connolly, 182 So.2d 117 (La.App. 4th Cir.1966), the court addressed this same issue and held that "in an action ex contractu, one who acts for an undisclosed principal may be sued in the alternative with the alleged principal. However, the plaintiff may recover from one only and not from both, hence he cannot obtain a judgment in solido against both." However, we agree with the United States Fifth Circuit's interpretation of LaBella as set forth in Intercontinental Engineering-Mfg. v. C.F. Bean, 647 F.2d 621, 630 (5th Cir.1981).
[I]t [LaBella] stands only for the proposition that where a plaintiff seeks to recover in the alternative from either an agent or his undisclosed principal, he cannot obtain the same judgment against both. At most, LaBella stands in accord with those Louisiana cases, such as Dumaine & Co. v. Gay, Sullivan & Co., 192 So. 117, 119-20 (Orl.App.1939), holding *1277 that a party may lose his right to sue the agent by electing to proceed against the undisclosed principal exclusively. We do not view LaBella as establishing the rule in Louisiana that a plaintiff in such circumstances may not sue both the agent and his principal in a single suit in order to obtain a judgment binding them in solido. Indeed, our examination of the Louisiana cases indicates that the rule is quite the opposite:
The final issue in this case is the respective liability of the defendants, Dr. Hand and the Hand-Enis Realty Co., Inc. Dr. Hand contends that he was merely the agent of the Hand-Enis Realty Co., Inc., of which he was president, and, as such, incurred no personal liability. The record reflects that Dr. Hand at no time mentioned that he was an agent for the Hand-Enis Realty Co., Inc., or that it was involved in the operation of the Natchitoches Geriatrics Hospital.
. . . .
The evidence as a whole convinces us that Dr. Hand did not disclose, nor was Mr. Foshee aware, that Dr. Hand was acting as the agent of the Hand-Enis Realty Co., Inc. An agent who contracts for a principal without disclosing that fact is personally liable to the party with whom he contracts. The undisclosed principal is also liable.

Foshee v. Hand-Enis Realty Co., 237 So.2d at 440 (affirming judgment holding agent and principal liable in solido on contract).
In Intercontinental Engineering-Mfg. v. Bean, supra, the plaintiff sued both principal and agent in order to obtain a judgment binding the two in solido. The Court held, and we agree, that obtaining a default judgment against one did not preclude pursuing the original suit against the other. This is in accordance with our appreciation of the Louisiana jurisprudence. See also Andrus v. Bourque, supra; Martin Home Center, Inc. v. Stafford, supra; Livingston Roofing Co. v. E.E. Rabalais & Son, supra. Therefore, plaintiff is not precluded from pursuing to judgment his claim against Heine despite the previously rendered default judgment against the corporation.
For the above reasons, the judgment of the trial court is affirmed at defendant Heine's costs.
AFFIRMED.
NOTES
[1] Steven K. Heine was erroneously sued as Stephen K. Heine, and Double-H Construction, Inc. was erroneously sued as Double H. Construction Company, Inc.
[2] Although we will not address each of defendant's assignments of error individually, the opinion adequately discusses the issues raised by defendant.
[3] The text of LSA-C.C. art. 2093 clearly states that a contractual obligation in solido must be stipulated expressly; what has not been clear is whether a solidary obligation arising by law must be expressly stipulated in some provisions of law. Solidarity has been found in a number of cases in which it is not expressly provided in any law, but the courts have directly addressed the meaning of article 2093 in only a few cases. See 41 La.Law Rev. 659 (1981).