532 So.2d 243 (1988)
Dr. R.H. WILKINSON, Plaintiff-Appellant,
v.
Val A. SWEENEY d/b/a Suntans Unlimited, Defendant-Appellee.
No. 87-662.
Court of Appeal of Louisiana, Third Circuit.
October 5, 1988.
Writ Denied December 9, 1988.
W. Stephen Walker, Sulphur, for plaintiff-appellant.
Book & Beverung, Steven Beverung, Lake Charles, for defendant-appellee.
Before DOMENGEAUX, KNOLL and KING, JJ.
KING, Judge.
The sole issue presented on appeal is whether or not the defendant or the corporation which he allegedly represented should be liable in a suit for damages arising out of breach of a written lease.
Dr. R.H. Wilkinson (hereinafter plaintiff) entered into a written agreement with Val *244 A. Sweeney (hereinafter defendant) to lease his office space. The office space was to be used as a sun tanning center by defendant and was to operate under the business name of "Suntans Unlimited." When defendant violated the terms of the lease and moved out of the leased premises, the plaintiff filed suit against defendant, d/b/a Suntan's Unlimited, to recover damages. Defendant answered the suit. At the trial the defendant claimed that he was not personally liable and that Suntans Unlimited was actually a corporation. After trial on the merits the trial judge denied plaintiff's claim for damages and plaintiff timely appealed. We reverse and render judgment.

FACTS
On April 30, 1985, defendant met with plaintiff and signed a written lease agreement for office space owned by plaintiff and located at 4042 Maplewood Drive, Sulphur, Louisiana. Plaintiff had met with defendant and other persons to discuss details of the lease on at least two other occasions prior to the April 30th lease signing date. The lease provided for a term of one year at a rental of $400.00 per month beginning May 1, 1985, and ending April 30, 1986. The first sentence of the written lease reads as follows:
"This Contract of Lease made and entered into as of the first day of May 1985 by and between Dr. R.H. Wilkinson, hereinafter referred to as Lessor, and Suntan's Unlimited hereinafter referred to as Lessee,"
The lease goes on to set forth the terms for payment, security deposit, and other items. The lease agreement ends with four signatures; those of the two witnesses, Harold Bergeron and Pearl Lee, that of Dr. R.H. Wilkinson above a line with his name typed underneath, and that of the defendant, Val A. Sweeney, on a line after the typed word "BY:". The lease designates the lessee as Suntan's Unlimited but nowhere in the lease is Suntans Unlimited described as a corporation nor is the defendant referred to as an agent or officer of a corporation. The plaintiff received a check for the $200.00 security deposit from defendant on April 26, 1985, a few days before moving into the office space. This check was drawn on an account identified as belonging to "Suntans Unlimited, Inc.", however, it bore the address of "300 E. McNeese Street, Suite 2A, Lake Charles, Louisiana." The first month's rental check was drawn on another account with no account designation information at all appearing on the check. On May 30, 1985, the plaintiff received his first rental check with the "Suntans Unlimited, Inc." logo on it that bore the address of the property on Maplewood Drive which he had leased to defendant.
Defendant continued paying the monthly rent with checks drawn on a "Suntans Unlimited, Inc." account, however, some checks bore the "300 E. McNeese Street, Suite 2A, Lake Charles," address while three monthly checks, June, July and August, bore the "Maplewood Drive, Sulphur, Louisiana" address. The last check received by plaintiff from defendant was on December 1, 1985. It was to cover the rent through 1985. On January 2, 1986, plaintiff returned to his office, which adjoins the leased property, and noticed that the entire contents of the defendant's leased office space had been removed. Plaintiff called the defendant at home to inquire why he had moved out without notifying him; the response from defendant was that "the corporation has declared bankruptcy and that they had to move everything out."
Plaintiff filed suit on April 25, 1986 against defendant, d/b/a Suntan's Unlimited, seeking a total of $890.16 in damages, later reduced to $874.81 by amendment. Plaintiff also requested reasonable attorney's fees as provided by the lease. Defendant filed an answer of general denial. After the trial judge denied defendant's Motion for Summary Judgment, the case was tried on October 30, 1986. On February 25, 1987, judgment was rendered in favor of defendant, Val A. Sweeney d/b/a Suntans Unlimited and against plaintiff, Dr. R.H. Wilkinson, denying plaintiff's claims at his cost. It is from this judgment that plaintiff appeals, alleging that the judgment is not supported by the law and *245 evidence introduced at the trial of the matter. We reverse and render judgment.

LAW
In this appeal we are asked to review both factual and legal issues. The standard in Louisiana for reviewing factual issues determined by a trial court is set forth in Arceneaux v. Domingue, 365 So.2d 1330 (La.1979) and Canter v. Koehring Company, 283 So.2d 716 (La.1973). Both cases illustrate the accepted standard that an appellate court should give great weight to the factual conclusions of the trier of fact and should not disturb those findings absent manifest error. Obviously, when the issues before a trial court are purely factual, great weight should be given to the factual findings of the trial court. However, in this case the trial court, while rendering a written ruling, did not state what law was applied and made no factual determinations or conclusions other than denying plaintiff's claim. Thus, the record before us contains no factual findings by the trial court other than by implication that the trial court found that defendant had met his burden of proving disclosure of his agency to plaintiff. When there are clear legal issues intertwined in factual conclusions, the factual conclusions must be more closely scrutinized to determine if their plausibility has been tainted by an incorrect determination of the legal issues. We are faced with just such a determination in this appeal. See Kem Search, Inc. v. Sheffield, 434 So.2d 1067 (La.1983).
The legal issue on appeal is whether the defendant, Val A. Sweeney, proved that he met the affirmative duty imposed upon him by law to disclose his agency status to plaintiff, when acting on behalf of the corporation, Suntans, Unlimited, Inc. This duty is imposed upon all agents, mandataries, and officers of corporations. Its purpose is to notify third parties dealing with the agent or officer that they are representing the principal or corporation and are doing so under proper authority. This disclosure alerts the third party that another party, and not the agent or officer personally, will be ultimately liable for the transaction. The basis for this affirmative duty in Louisiana is found both in the Louisiana Civil Code under Articles 3012 and 3013 and under the Louisiana Corporation Law, LSA-R.S. 12:82, et seq.
The factual issue to be evaluated by this court is whether or not the trial court erred in finding that the defendant had provided plaintiff with enough indicia of his agency or of the corporate status so as to put plaintiff on notice that he was dealing with a corporation in the lease of his office space and thus relieve defendant of personal liability.
LSA-C.C. Articles 3012 and 3013 read as follows:
"Art. 3012. Acts beyond power with third persons informed of authority
The mandatary, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee.
Art. 3013. Mandatary's liability to third persons
The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers."
In reviewing the evidence presented on appeal, this court must look to the relationship of the parties before this court. The plaintiff, Dr. Wilkinson, was a Chiropractor with an office in Sulphur, Louisiana. The defendant was a businessman and a stockholder in a corporation, Suntans Unlimited, Inc. Allegedly defendant was also president of this corporation. In search of office space for a new tanning center, defendant contacted plaintiff and began negotiations for the lease of office space owned by the plaintiff. There was conflicting testimony at trial as to how many times the parties met prior to the April 30th lease signing date, however, it was stipulated that on these occasions defendant was accompanied by other "business associates." Plaintiff denied that at anytime were any of these "associates" introduced to him as officers of the corporation. Plaintiff testified *246 that at no time was he ever informed of Suntans Unlimited corporate status and further testified that defendant never indicated that he was acting on behalf of a corporation.
Defendant, on the other hand, presented witnesses and testimony of an initial disclosure of the tanning salon's corporate status. Defendant stated he introduced his wife to plaintiff during one of the prior meetings as the secretary of the corporation. Defendant also stated that at a later meeting, he thought he introduced Ira and Edgar Landry to plaintiff as officers of the corporation. Defendant did testify that on the first meeting with plaintiff, he did not mention anything pertaining to the corporate status and that on the second visit he referred to the other "associates" as partners.
Edgar Landry, the alleged Vice-President of Suntans Unlimited, Inc., testified at trial that he was introduced as Vice-President of the business enterprise but could not state with certainty that he was introduced as Vice-President of the corporation. On the date that the lease was signed, Harold Bergeron, a plumber readying the office space for occupancy, was in the office during the lease signing process and witnessed the signing of the lease. He testified that the defendant did not refer to Suntans Unlimited as a corporation.
The document, which we must rely upon as the source of plaintiff's cause of action, is the lease itself. It is a binding legal contract for one party to provide office space for a one year term and for the other party to pay a monthly rental of $400.00 for the use of this office space. The document designates the lessor as the plaintiff, Dr. R.H. Wilkinson; the lease designates the lessee as Suntans Unlimited and is signed by the defendant, Val A. Sweeney. It is imperative that one claiming the benefit of corporate capacity, in order to avoid personal liability, be shielded with the proper documentation and records to prove this capacity. While the corporate charter and a corporate resolution authorizing defendant to lease the office space from plaintiff for the corporation were introduced into evidence at the trial, it is clear from the testimony of all parties that none of this was ever shown to the plaintiff at any time prior to the trial of this matter.
Introduced at trial was a photograph of the business sign used in front of the defendant's business at the leased office space. It reads "Suntans Unlimited 625-2121." This sign is clearly in violation of LSA-R.S. 12:23 A which states that the corporate name shall contain the word "corporation," "incorporated" or "limited" or may contain the word "company" or "co." if the latter word or abbreviation is not immediately preceded by the word "and" or the symbol "&". Thus any third party seeing the sign and dealing with Suntans Unlimited would also not have been put on notice that it was a corporation.
In a similar case, Eastin v. Ramey, 257 So.2d 717 (La.App. 3 Cir.1972), plaintiff sued defendant for amounts due on an open account. Plaintiff sued defendant as Howard Ramey d/b/a Ramey Well Service, when in fact Ramey Well Service, Inc. was alleged to be the proper defendant. The trial judge in Eastin found for the defendant. On appeal, this court reversed and rendered judgment in favor of the plaintiff. There, based upon similar facts that we are faced with here, we found that the defendant, although the agent for a legitimate corporation, failed to meet the affirmative duty imposed upon him to notify third parties of his corporate capacity. There we stated:
"The trial court found that `plaintiff failed to prove that the defendant as an individual incurred this obligation and it was also shown that Ramey Well Service was a corporation organized and domiciled in Lafayette Parish.' The effect of this ruling is to place on plaintiff the burden of proving that defendant purchased the gas, diesel, etc. for himself and not for the corporation. This is not correct. The agent has the burden to prove he disclosed this agency status and the identity of his principal, if he wishes to avoid personal liability. LSA-C.C. Articles 3012, 3013. See Prevost v. Gomez, 251 So.2d 470 (La.App., 1 Cir.1971) and *247 McKay v. Vesley, 163 So.2d 121 (La.App., 3 Cir.1964).
We find defendant failed to prove plaintiff had notice that Ramey Well Service was incorporated; that the name of Ramey Well Service, Inc., was used at any time by defendant or plaintiff; or that plaintiff had reason to suspect that the purchases were made for and on behalf of the corporation. The stipulations as to what Ramey would testify to did not suggest that plaintiff was informed that purchases were being made for the corporation." Easton v. Ramey, 257 So.2d 717, at page 718 (La.App. 3 Cir.1972).
In another similar case, Prevost v. Gomez, 251 So.2d 470 (La.App. 1 Cir.1971), the First Circuit reversed and rendered judgment in favor of plaintiff. The court held that although indicia of incorporation of defendant's auto sales business were shown on stationery, invoices, bank checks, and newspaper advertisements, and where none were specifically brought to the attention of the plaintiff, that plaintiff would prevail against the defendant individually. Again, the court found that defendant failed to prove that he had met the duty imposed upon him to disclose his agency status.
In Martin Home Center, Inc. v. Stafford, 434 So.2d 673 (La.App. 3 Cir.1983), we stated:
"In the present case, documents were introduced in an attempt to show that the agency relationship was disclosed. The first document was a check dated July 12, 1979, drawn on the account of `New Creations Enterprises, Inc.' This check was cashed by plaintiff and credited to New Creations Enterprises' account. The second document contained in the record is a purchase order to plaintiff dated September 15, 1979, which bears the letterhead or caption, `New Creations Enterprises, Inc.'. Finally, a group of invoices dated February 2, 1980, made out to New Creations Enterprises, Inc. and marked paid were introduced into evidence. These documents, plus the self-serving testimony of Smith, are the only items of evidence showing that Stafford and Smith disclosed their agency relationship.
We do not feel that Stafford and Smith proved that express notification was given to plaintiff of their agency relationship. Nor do we feel that the isolated references to the corporate status of New Creations Enterprises in the document presented give rise to facts and circumstances which demonstrate affirmatively that plaintiff was aware of the agency relationship. See Prevost v. Gomez, 251 So.2d 470 (La.App. 1st Cir. 1971). Therefore, we conclude that Stafford and Smith are individually liable for the debts that were incurred." Martin Home Center, Inc. v. Stafford, 434 So.2d 673, at page 674 (La.App. 3 Cir.1983).
We find this case to be relevant to the present appeal. Besides the conflicting testimony at trial about the introduction of the corporate officers to plaintiff, the only other supportive evidence the defendant produced were checks used to pay the rent for the Maplewood Drive office space. At best, these checks prove that for at least half of the lease term a corporation at another location paid the monthly rent for the Maplewood Drive office space leased from plaintiff.
After reviewing the record, we find that the trial court judge committed manifest error in determining that defendant had met his burden of proof of disclosing his agency to plaintiff. The conflicting testimony and evidence presented by defendant at trial does not prove by a preponderance of the evidence that defendant clearly disclosed his agency status. The evidence in the record clearly proves plaintiff's claim of $874.81.
The judgment of the trial court is reversed and judgment is rendered in favor of plaintiff, Dr. R.H. Wilkinson, and against defendant, Val A. Sweeney, d/b/a Suntan's Unlimited, in the sum of $874.81.
We also hereby grant plaintiff's request for reasonable attorney's fees in the amount of $500.00 for the prosecution and collection of the amounts owed to him by defendant.
*248 For these reasons the judgment of the trial court is reversed and judgment is hereby rendered in favor of plaintiff, Dr. R.H. Wilkinson, and against defendant, Val A. Sweeney, d/b/a Suntan's Unlimited, for the sum of $874.81 and attorney's fees of $500.00, together with legal interest thereon from date of judicial demand, until paid, and for all costs of the trial and appellate proceedings.
REVERSED AND RENDERED.