CHEHARDY, Chief Judge.
This is a suit on open account by an attorney who performed title abstracting services for another attorney. The district court granted judgment to plaintiff in the amount of $6,165 plus legal interest from date of judicial demand, attorney’s fees in the amount of $750 and costs.
Plaintiff, Martha Sassone, was hired by Charles N.A. “Tony” Gould, defendant, to compile two abstracts of title to certain lands situated in Plaquemines Parish to determine whether a group of some 600 persons Gould represented had a valid claim to the properties. Because Gould felt anonymity of his clients was required at that point, he identified the clients to Sas-sone only as “the Ronquillo heirs.” Sas-sone and Gould agreed Sassone would be paid for her abstracting services at the rate of $150 per day, plus expenses and 30 cents per mile for travel.
Sassone began the abstracting work in August 1982; by October 1982 she had completed the first abstract, which she de *1240 livered to Gould. That abstract consisted of five volumes of photocopies of documents from the records of the Plaque-mines Parish Clerk of Court, organized according to tract and arranged chronologically within each tract. In November 1982 she began work on the second abstract, on which she continued to work through April 1984.
During this period Sassone billed Gould for her services on a monthly and later on a bimonthly basis. She was paid promptly by checks drawn on Gould’s escrow account. She testified that over the course of this two-year period she received approximately $38,000 for her abstracting services. In March and in May 1984 she sent him bills for services performed during February, March and April 1984. Those bills, never paid, are the subject of this suit.
The problem arose when Gould’s clients refused to advance any more money to him; because their funds in his escrow account were depleted, Gould refused to pay Sas-sone’s February-March-April 1984 billings. On August 1, 1984 Gould’s clients discharged him as their attorney. (At some unspecified time thereafter, the Ronquillo heirs retained Sassone to represent them.)
Ultimately Sassone sued Gould on open account; Gould filed a third-party demand against Marie Giordano Lloyd, the representative of the Ronquillo heirs with whom he had been dealing. In defense to Sas-sone’s suit, Gould asserted that he and Sassone agreed she would be paid from client funds held in escrow by him only after he received such funds from his clients; that he was acting at all times as an agent for Marie Giordano Lloyd and the Ronquillo heirs in entering into the contract for the abstracts; and that Sassone is not entitled to payment because she has never delivered the completed abstract to him.
Gould also raised exceptions of no cause of action and non-joinder of indispensable parties, as well as a motion for summary judgment, all of which were denied by the district court. There is nothing in the record of the trial of the main demand to indicate any action has been taken on the third-party demand beyond filing the petition. We interpret this as a tacit bifurcation of the third-party demand from the main demand and will treat it as such.
In his oral reasons for judgment, the trial judge stated he believed Sassone and Gould had entered into an agreement that provided for Sassone to be paid $150 per day plus 30 cents per mile. He said further he believed Sassone had performed the work reflected on her invoices. The judge stated he did not believe that a condition of the agreement was that Sassone would not be paid unless the clients advanced the money to Gould. He concluded Gould was liable accordingly.
On appeal Gould has raised numerous issues concerning his contentions in the district court and also contests the award of attorney’s fees to plaintiff. We shall not address Gould’s specifications of error individually because the discussion that follows will deal adequately with those issues.
The trial judge’s concluded that Sas-sone's payments were not conditioned upon Gould’s being paid by his clients. Sassone testified that he told her he would be paying her with money advanced by his clients and that she “understood” that he would receive the money from his clients and then pay her, but she denied there was any agreement that she would not be paid unless he was paid. We find no manifest error in the trial judge’s conclusion on this point. See Canter v. Koehring Company, 283 So.2d 716 (La.1973).
Nor do we find that Marie Lloyd and the Ronquillo heirs are indispensible parties to Sassone’s suit. Gould alleges the only reason Sassone has not named his former clients as parties defendant is that she now represents them as an attorney and therefore it would be a conflict of interest for her to sue them. Regardless of other legal or ethical implications, we do not find under the circumstances here that the clients are indispensable parties. See LSA-C.C.P. art. 641.
*1241 In a situation where a discharged attorney seeks his portion of a contingent fee pursuant to a contingency fee agreement with the client, both the client and the second attorney are indispensable parties. See Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102 (La.1979). In the matter before us, however, Sassone acted not as an attorney for the Ronquillo heirs but as a subcontractor for portions of the work which Gould, by taking on the case, impliedly agreed to perform. Gould’s action in hiring Sassone was similar to hiring a private investigator or a law clerk. Sassone, in effect, was acting as an independent contractor to whom Gould delegated certain tasks. She need not join the client in her claim against Gould.
Gould’s assertion that he was acting as agent for a disclosed principal and accordingly that he cannot be held liable personally has no merit. Gould’s clients were identified to Sassone initially only as the Ronquillo heirs. Sometime in the spring or summer of 1984 she was introduced to Marie Giordano Lloyd, but there is no evidence that she learned the specific identities of either Lloyd or any others of the heirs until then. It is clear that when arranging for Sassone’s abstracting services in 1982 Gould did not disclose his principals in such a way as to free him of personal liability for Sassone’s fees. See J.T. Doiron, Inc. v. Lundin, 385 So.2d 450 (La.App. 1 Cir.1980); Bush v. Saucier, 197 So.2d 907 (La.App. 1 Cir.1967).
Finally Gould contends that Sassone should not be paid because she has never delivered to him a completed second abstract. We disagree; it is clear that Sas-sone’s services were retained on a per diem basis. Further, as Sassone testified, an abstract is never really “complete.” The “completeness” depends on how far back or forward the client wants the title traced.
On the other hand, we conclude that if Gould is to be liable to Sassone for her services rendered, she should deliver to him all materials and information acquired by her regarding the second abstract, through the last date for which she is being paid, regardless of whether those materials have been organized and compiled into “completeness.” We will modify the judgment accordingly.
Finally, Gould asserts the trial court erred in awarding attorney’s fees under LSA-R.S. 9:2781 to appellee, but he has failed to present any adequate defense to the award. We find no error in the award.
For the foregoing reasons, the judgment of the district court is amended to order that plaintiff, Martha E. Sassone, shall deliver to defendant, Charles N.A. Gould, all photocopies, documents, notes and all other materials and/or information produced by her regarding the abstract of title that is the basis of this lawsuit, such delivery to be made at the time defendant delivers to plaintiff payment of the judgment herein. As amended, the judgment is affirmed.
AMENDED AND AFFIRMED.