823 So.2d 1060 (2002)
BANK ONE, Applicant,
v.
SWC CORPORATION, et al, Respondents.
No. 36,043-CW.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
Ashley Smith Burch, Monroe, for Applicant.
Donald C. Douglas, Jr., Monroe, for Duncan P. Cavanaugh.
Gayle F. Cavanaugh, In Proper Person.
Ginny Wharton, In Proper Person.
Before STEWART, CARAWAY and DREW, JJ.
CARAWAY, J.
Defendants/appellees, who were then married, executed a Small Business Administration guaranty as sureties for a loan to the husband's corporation. Other parties also executed a separate guaranty for the loan. Upon the corporation's default, the creditor brought this action against the corporation and all of the sureties. The creditor moved for summary judgment against the appellees, and the former husband defended by asserting that his obligation was a joint obligation, together with all of the sureties. The trial court denied the motion for summary judgment. We granted the creditor's application *1061 for a supervisory writ and now reverse.

Facts
The creditor, Bank One, N.A., sued on the promissory note of SWC Corporation ("SWC") for the note's balance of $65,955.39, plus interest and attorney's fees. Duncan Cavanaugh and his former wife, Gayle Farley, were also named as defendants because of a Small Business Administration ("SBA") guaranty agreement which they executed in 1992 to further secure the indebtedness. Cavanaugh was the president of the corporation. Another corporate officer and his former wife were also made defendants in this action and sued on their separate SBA guaranty agreement. A default judgment for the entire indebtedness was obtained against one of those parties.
Cavanaugh answered, admitting his execution of the guaranty agreement but denying the plaintiff's claim. Cavanaugh also affirmatively pled for division and discussion of the obligation. Farley filed a pro se answer, denying the plaintiffs claim.
The guaranty agreement, which identifies Bank One's predecessor as "Lender" and SWC as "Debtor," provides, in pertinent part, as follows:
... the Undersigned hereby unconditionally guarantees to Lender, its successors and assigns, the due and punctual payment when due, whether by acceleration or otherwise, in accordance with the terms thereof, of the principal of and interest on and all other sums payable, or stated to be payable, with respect to the note of the Debtor, made by the Debtor to Lender, dated July 10, 1992 in the principal amount of $140,000.00, with interest at the rate of 8.75 per cent per annum.
* * *
In case the Debtor shall fail to pay all or any part of the Liabilities when due, whether by acceleration or otherwise, according to the terms of said note, the Undersigned, immediately upon the written demand of Lender, will pay to Lender the amount due and unpaid by the Debtor as aforesaid, in like manner as if such amount constituted the direct and primary obligation of the Undersigned. Lender shall not be required, prior to any such demand on, or payment by, the Undersigned, to make any demand upon or pursue or exhaust any of its rights or remedies against the Debtor or others with respect to the payment of any of the Liabilities, or to pursue or exhaust any of its rights with respect to any part of the collateral.
* * *
The term "Undersigned" as used in this agreement shall mean the signer or signers of this agreement, and such signers, if more than one, shall be jointly and severally liable hereunder.
Bank One filed a motion for summary judgment against Cavanaugh and Farley, establishing the balance and accrued interest owed on the note and the defendants' guaranty. The defendants filed no opposition affidavits or other evidence factually disputing the motion. Cavanaugh's opposition brief asserted that his obligation under the guaranty was joint and divisible. At the hearing on the motion for summary judgment, Farley appeared without counsel and asserted that her former husband, Cavanaugh, had assumed the entire responsibility for the guaranty by the parties' property settlement following their divorce. She also asserted that when she expressed her desire not to sign the guaranty, she had been informed that her execution was only a formality.
*1062 After taking the matter under advisement, the trial court later rendered written reasons for judgment, denying Bank One's motion. While stating that there remained genuine issues of material fact, the trial court did not identify any specific factual dispute. Upon Bank One's application, we granted a supervisory writ of review.

Summary Judgment
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Row v. Pierremont Plaza, L.L.C., 35,796 (La.App.2d Cir.4/3/02), 814 So.2d 124. Summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. The party opposing summary judgment cannot rest on the mere allegations of his pleadings, but must show that he has evidence which could satisfy his evidentiary burden at trial. Row, supra; La. C.C.P. art. 966(C)(2).

Discussion
Citing Civil Code Article 1788[1] and the "joint and several" liability language of the SBA guaranty form, Cavanaugh argues that his obligation was a joint obligation with Farley and the other sureties. Farley filed no brief in this appeal. Based upon our review of the law of suretyship and the guaranty agreement, we reject Cavanaugh's argument.
The Civil Code defines suretyship as "an accessory contract by which a person binds himself to a creditor to fulfill the obligation of another upon the failure of the other to do so." La. C.C. art. 3035. The nature of the surety's promise is to satisfy the entire obligation if the debtor fails to do so. Revision Comments (b), La. C.C. art. 3045. The nature of the surety's undertaking does not change merely because other sureties join in the same or multiple acts of suretyship for the same principal obligation. La. C.C. art. 3045 provides:
A surety, or each surety when there is more than one, is liable to the creditor in accordance with the provisions of this Chapter, for the full performance of the obligation of the principal obligor, without benefit of division or discussion, even in the absence of an express agreement of solidarity.
Thus, in this multiple surety setting, Article 3045 obviates any implication of a joint obligation owed by the sureties to the creditor, because each remains bound for "full performance" and the benefit of division is denied. This results without the need for any expression of solidarity contained within the suretyship agreement. La. C.C. art. 3045. The fact of multiple sureties does not make their obligation to the creditor a joint obligation under Civil Code Article 1788 because Article 3045 and the nature of suretyship are to the contrary.
The disputed guaranty agreement clearly sets forth a suretyship obligation for both Cavanaugh and Farley. They became obligated to pay SWC's indebtedness upon SWC's failure to do so. Likewise, the guaranty does not modify the general rule provided by Article 3045. Such modification could have made the obligation of each party something less *1063 than full performance because of the existence of co-sureties. See, La. C.C. art. 3040, providing for the modification of the codal regime for suretyship. Thus, apart from the controversy which Cavanaugh attempts to raise concerning the "joint and several" language, the disputed guaranty requires that Cavanaugh and Farley each remains obligated for the full performance of SWC's obligation.
As for the "joint and several" language of the contract, Articles 1787[2] and 1788 distinguish between obligations which are several for the obligors and those which are joint. The combination of those differing concepts in the "jointly and severally liable" language of the SBA guaranty may appear to create an ambiguity in the contract. Nevertheless, Louisiana courts consistently recognize this expression as synonymous with the common law phrase "joint and several" liability. Touchard v. Williams, 617 So.2d 885 (La.1993); Johnson v. Jones-Journet, 320 So.2d 533 (La. 1975) (and cases cited therein). The fact that this is an SBA form contract used outside of Louisiana indicates that the language is a reference to the common law concept. The term "joint and several" has a distinct meaning in the common law, akin to solidary liability in Louisiana, and when used in the common law, requires the obligee to select either joint or several liability when filing suit. See Litvinoff, 5 La. Civil Law Treatise (Obligations), § 7.27.
Our rules for interpretation of contracts allow us to consider the prevailing meaning of this phrase and ascribe the meaning that best conforms to the object of the contract as a whole. La. C.C. arts.2047, 2048 and 2050. Accordingly, we do not find that the use of this common law phrase in the language of the SBA guaranty alters the primary undertaking of the parties to be bound for the full performance of the loan obligation as sureties in the event of SWC's default.
Next, Cavanaugh claims that the prior default judgment against one of the other sureties for the SWC loan creates a material issue of fact concerning the possibility of payment on that judgment. We disagree.
Based upon our ruling above regarding Article 3045, all four sureties who executed SBA guaranties in this case were obligated for the full performance of the principal obligation. Their obligations to the obligee, Bank One, are therefore solidary in nature although different surety agreements gave rise to those obligations and the need for express statements of solidarity was unnecessary, being provided for by operation of law under Article 3045. See, La. C.C. arts. 1796 and 1797. The Civil Code principles on solidarity provide that, "unless the obligation is extinguished," the obligee may pursue separate actions against the solidary obligors. La. C.C. art. 1795. This allows for the possibility of separate judgments. Frank's Door & Bldg. Supply, Inc. v. Double H. Const. Co., 459 So.2d 1273 (La.App. 1st Cir.1984). Performance rendered by one of the solidary obligors extinguishes the obligation and "relieves the others of liability toward the obligee." La. C.C. art. 1794. Finally, from a procedural standpoint, our law makes clear that the proof of extinguishment of the obligation is the defendant/obligor's burden as an affirmative defense. La. C.C.P. art. 1005.
We conclude from the above principles that in this case, separate judgments against the sureties for the entirety of *1064 SWC's indebtedness are appropriate. Despite having previously obtained the initial default judgment against the other surety, Bank One provided evidence in support of its motion for summary judgment that the SWC indebtedness remained unpaid. If SWC's obligation had been extinguished by payment from any source, Cavanaugh and Farley should have opposed the motion by producing evidence showing payment. From the record, the evidence in support of the motion for summary judgment reveals that Cavanaugh and Farley are obligated for the unpaid indebtedness.
Finally, we do not find that a genuine issue of material fact was created by Farley's comments to the trial court during the oral argument on the motion for summary judgment. Her comments suggesting reluctance or duress when she executed the guaranty were neither included in her answer as an affirmative defense nor presented as opposition evidence in advance of the hearing on the motion. La. C.C.P. arts. 1005 and 966(B). Furthermore, her self-serving comments, if considered at face value, did not sufficiently establish that Farley would be able to satisfy her evidentiary burden at trial to prove any vice of consent. La. C.C.P. art. 966(C)(2).
In conclusion, the issue of law before the trial court regarding the suretyship agreement and the multiple sureties required the granting of Bank One's motion for summary judgment against appellees for the entire amount of SWC's loan indebtedness. There is no genuine issue of material fact. Accordingly, it is hereby ordered, adjudged and decreed that there be judgment in favor of Bank One on its motion for summary judgment and against Duncan Cavanaugh and Gayle Farley, in solido, in the amount of $65,955.39, plus variable interest in the amount of $23,904.97 through January 23, 2001, plus additional interest thereafter on the principal amount, to be computed at the fixed rate of 10.75% from January 24, 2001, until paid in full, and attorney's fees in the amount of $3,500.00. Costs of appeal are assessed equally to Duncan Cavanaugh and Gayle Farley.
REVERSED AND RENDERED.
NOTES
[1] La. C.C. art. 1788 provides, in pertinent part:

When different obligors owe together just one performance to one obligee, but neither is bound for the whole, the obligation is joint for the obligors.
[2] La. C.C. art. 1787 provides, in pertinent part:

When each of different obligors owes a separate performance to one obligee, the obligation is several for the obligors.