SUSAN M. CHEHARDY, Judge.
 

 |aOn appeal, AmSouth Bank seeks review of the trial court’s grant of Riley Sessions’ exception of no cause of action and dismissal of its case against him. For the following reasons, we reverse and remand.
 

 On April 5, 2002, Riley Truman Sessions (“Riley”) and Mark Bryan Sessions (“Mark”), as co-makers, signed a promissory note in the amount of $171,190.28, made payable to AmSouth Bank (“AmSouth”), bearing interest at a rate of 7.625% per annum.
 
 [1]
 
 In the “General Provisions” clause of the note that Riley and Mark signed, they agreed that “our liability under this Note will be on a ‘solidary’ or ‘joint and several’ basis with one another for all purposes.” On May 19, 2006, An-South filed suit against Riley and Mark Sessions in the 24th Judicial District Court for the Parish of Jefferson seeking payment of the unpaid balance of the note
 
 *343
 
 totaling $65,380.72, plus interest, costs and attorney’s fees.
 

 Service was requested on Riley and Mark Sessions at 852 Mystic Avenue, Gretna, Louisiana. On or about July 26, 2006, AmSouth filed A Motion to 13Appoint Special Deputy to effect service of process on Riley, which was granted. The record does not reflect a return of service from either special deputy appointed to effect service.
 

 Meanwhile, Mark entered into a Consent Judgment with AmSouth Bank agreeing to “judgment herein in favor of the plaintiff, AmSouth Bank and against the defendant, Mark Bryan Sessions, in the principal sum of $65,380.72,” plus interest from the date of demand until paid, “plus 25% of principal and interest as attorney’s fees, and all costs of these proceedings.” Judgment was filed with the court and signed by the trial judge on September 19, 2006. The Consent Judgment specifically reserved AmSouth’s rights “to pursue eo-defendant(s) for all relief to which [Am-South] is entitled against that defendant(s) in these proceedings.”
 

 On November 24, 2008, AmSouth filed a second Motion to Appoint Special Deputy to effect service of process on Riley, which was granted. Again, the record before us does not reflect a return of service.
 

 On January 30, 2009, Riley filed an exception of no cause of action on the basis that “the promissory note sued upon by AmSouth Bank was merged into a September 19, 2006 judgment rendered by the court, and as a result, the promissory note now sued upon no longer exists as a distinct obligation or litigious right....” On March 23, 2009, after a hearing, the trial judge granted Riley’s exception of no cause of action and dismissed AmSouth’s “allegations” against Riley with prejudice. In her Reasons for Judgment, the trial judge stated:
 

 The critical issue in this case is whether the Consent Judgment between Mark Bryan Sessions and AmSouth extinguished the obligation evidenced by the original promissory note. Considering the case law cited by defendant, the Court finds that it did. The Consent Judgment reduced the entire remaining balance of the promissory note to a judgment against Mark Bryan Sessions. Therefore, the promissory note ceased to exist as a distinct obligation or litigious right. The Consent Judgment became the new obligation.
 

 LFurthermore, based upon the case law cited by defendant, the reservation of rights included in the Consent Judgment has no effect. Once the obligation was reduced to a judgment, AmSouth had no rights left to reserve against Riley Truman Sessions. The obligation under the note was satisfied by the judgment against Mark Bryan Sessions. While the Court felt that the arguments by counsel for AmSouth were persuasive, the Court cannot ignore the clear language of the case law cited by defendant. AmSouth had the right to pursue one or both defendants for the entire sum owed on the note; however, once AmSouth secured a judgment against Mark Bryan Sessions for the entire sum, the obligation under the note ceased to exist as a litigious right. Therefore, AmSouth no longer has a cause of action against Riley Truman Sessions.
 

 AmSouth now seeks relief in this Court.
 

 In
 
 Cleco Corp. v. Johnson,
 
 01-0175 (La.9/18/01), 795 So.2d 302, 304, the Louisiana Supreme Court enunciated the standard for reviewing the grant of an exception of no cause of action:
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to
 
 *344
 
 anyone under the factual allegations of the petition.
 
 Louisiana Paddlewheels v. Louisiana Riverboat Gaming Com’n,
 
 94-2015 (La.11/30/94), 646 So.2d 885. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial.
 
 Barrie v. V.P. Exterminators, Inc.,
 
 93-0679 (La.10/18/93), 625 So.2d 1007. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to
 
 de novo
 
 review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 
 Mott v. River Parish Maintenance, Inc.,
 
 432 So.2d 827 (La.5/23/83).
 

 On appeal, AmSouth argues that the trial court erred in holding that once a Judgment is issued toward one solidary obligor, the obligation ceases as to all other solidary obligors and/or makers of a promissory note or debt instrument, and that the obligation under the note ceased to exist as a litigious right. In support, AmSouth quotes the language of the promissory note, reiterating that Riley and Mark knew that their liability is “solidary” or “joint and several.”
 

 |¡“An obligation is solidary for the obli-gors when each obligor is liable for the whole performance.” La. C.C. art. 1794. Pursuant to La. C.C. art. 1795: “An obli-gee, at his choice, may demand the whole performance from any of his solidary obli-gors. A solidary obligor may not request division of the debt. Unless the obligation is extinguished, an obligee may institute action against any of his solidary obligors even after institution of action against another solidary obligor.”
 

 This allows for the possibility of separate judgments. La. C.C. art. 1795;
 
 Frank’s Door & Bldg. Supply, Inc. v. Double H. Const. Co.,
 
 459 So.2d 1273 (La.App. 1st Cir.1984). Performance rendered by one of the solidary obligors extinguishes the obligation and “relieves the others of liability toward the obligee.” La. C.C. art. 1794. Finally, proof of extinguishment of the obligation is the defendani/obligor’s burden. La. C.C.P. art. 1005.
 

 Based on the above principles, our
 
 de novo
 
 review reflects that, despite having previously obtained the consent judgment against Mark, AmSouth does have a cause of action against the co-maker for the entirety of the joint indebtedness under the law of solidarity. See
 
 Bank One v. SWC Corp.,
 
 36,043 (La.App. 2 Cir. 8/14/02), 823 So.2d 1060, 1063-1064. Accordingly, we reverse the trial judge’s ruling on Riley’s exception of no cause of action and remand for further proceedings. Costs of this appeal are assessed against appellee, Riley Truman Sessions.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The note was secured by a mortgage in favor of AmSouth Bank on immovable property located at Lot 18, Creekwood Place, Unit One, in Mobile County, Alabama with the physical address of 7551 Creekwood Drive, Mobile, Alabama.