BYRNES, Judge.
The plaintiff, Mr. John Bolesny, appeals a summary judgment dismissal of his claim for personal injuries against the defendant, PratUStanton Manor, Inc. We affirm.
We review summary judgments de novo.
After residing in the Pratt-Stanton manor facility for several years, according to plaintiffs original petition, plaintiff “procured the services of Cannonball Moving, Inc. to move personal belongings of Petitioner from his residence ...” to a different residence. Plaintiffs petition goes on to allege that he was injured when, as his belongings were being moved from his apartment within PratUStanton Man- or, an employee of Cannonball “ran into the Petitioner knocking him to the ground.” This occurred on July 13, 1997. Plaintiffs petition further alleges that, “Petitioner’s damages and injuries were caused solely and proximately by the negligence of [the Cannonball employee] and Cannonball Moving, Inc.” [Emphasis added.] Cannonball, its employees [1], and the XYZ insurance company were the only defendants named in this petition.
| ^Cannonball failed to file an answer, and on January 15, 1998, plaintiff confirmed a judgment by default against Cannonball in the sum of $350,162.76. On June 5, 1998, after attempting unsuccessfully to collect on that judgment[2], plaintiff filed a First Amended and Supplemental Petition for Damages naming as additional defendants Pratt-Stanton Manor, Inc. and its insurer, ABC Insurance Company, alleging that plaintiffs “damages and injuries were caused by the negligence of’ Pratt-Stanton Manor in failing to properly supervise the moving operations.
The plaintiff obtained the January 15, 1998 default judgment against Cannonball based on allegations of negligence attributable solely to Cannonball and those for whom it was responsible. That judgment, rendered at plaintiffs instigation, held Cannonball liable for all of Mr. Bolesny’s damages, general and special, making no reduction for the comparative negligence of any other party as would be required under LSA-C.C. art. 2323 were there any comparative negligence involved. That judgment has long since become final. It was only after collection efforts against Cannonball were unsuccessful that plaintiff adopted the position that Pratt-Stanton Manor’s negligence caused or contributed to his injuries.
Plaintiff makes no allegations of newly discovered evidence or any other equitable reason why he was unable to urge the negligence of Pratt-Stanton Manor in his original petition or in the default proceed *981 ings. In view of plaintiffs final | -judgment rendered in these same proceedings based on allegations of the sole negligence of Cannonball and its employees, casting Cannonball for his entire damages, we find no error in the trial court’s dismissal of plaintiffs claims against PratWStanton Manor. As that judgment has long since become final, there is a conclusive presumption in these proceedings that it was obtained based upon evidence sufficient to establish a prima facie case, which would include evidence that the actions and negligence of Cannonball and its employees were the sole cause of plaintiffs injuries as alleged in plaintiffs petition. LSA-C.C.P. art. 1702A and B(2). Plaintiff was content to collect his entire claim from Cannonball without giving Cannonball any reduction for the alleged comparative negligence of Pratl^Stanton Manor and would have done so had it not been for the apparent insolvency of Cannonball. Plaintiff having sought to avail himself of all the advantages of getting a default judgment based on the sole negligence of Cannonball and its employees, should have to live with its disadvantages as well. Because the petition on which plaintiffs judgment was based specifically excluded the possibility of solidary obligors outside of the named defendants, cases which have held that a default judgment against one named soli-dary obligor does not bar a subsequent judgment in the same proceedings against another named solidary obligor are inapposite. For example see Frank’s Door & Bld. S. v. Double H. Const., 459 So.2d 1273 (La.App. 1 Cir.1984). Likewise, cases dealing with res judicata and judicial or collateral estoppel are inapplicable because they deal with judgments and findings made in other proceedings. Nor is this a matter of pleading 14estoppel as an affirmative defense under LSA-C.C.P. art. 1005, as that article contemplates matters that are not apparent from the face of the record. In the instant case, the plaintiffs petition and the default judgment obtained thereon are apparent from the face of the record and may not be ignored by either the trial court or this Court. Plaintiff should not be allowed to repudiate his own petition in these proceedings once it has been reduced to judgment in these same proceedings, and this Court cannot ignore the face of the record, especially when we review summary judgments de novo.
For the foregoing reasons, the judgment of the trial court is affirmed.

AFFIRMED.

. Referred lo as "John and James Doe”

. It appears that the plaintiff may have succeeded in seizing approximately $1,600.00 in a bank account held by Cannonball at Hibernia. It further appears that Cannonball is otherwise insolvent.