STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-695

FIRST BAPTIST CHURCH OF WESTLAKE, LOUISIANA

VERSUS

JULIA ELISE CURRY LEPPO, ET AL.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2006-1216
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

MARC T. AMY
JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy and Michael G. Sullivan, Judges.

AFFIRMED.

Gregory S. Erwin
16828 Amberwood Drive
Baton Rouge, LA   70810
(225) 753-6303
COUNSEL FOR PLAINTIFF/APPELLANT:
    First Baptist Church of Westlake, Louisiana

William C. Kaufman, III
Seale, Smith, Zuber & Barnette
8550 United Plaza Boulevard, Suite 200
Baton Rouge, LA   70809
(225) 924-1600
COUNSEL FOR DEFENDANT/APPELLEE:
    Citibank, N.A.

**Stephen C. Polito**
**Stockwell, Sievert, Viccellio, Clements & Shaddock, LLP.**
**Post Office Box 2900**
**Lake Charles, LA   70602-2900**
**(337) 436-9491**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Capital One, N.A.**

**Randall C. Roth**
**Capital One Legal Department**
**Post Office Drawer 61540**
**New Orleans, LA   70161**
**(504) 533-2166**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Capital One, N.A.**

AMY, Judge.

The plaintiff filed suit against an employee and her husband, alleging that they personally used church funds by various means, including check forgery and unauthorized use of credit cards. The plaintiff confirmed a default judgment against these defendants. On the same day as the confirmation of default, the plaintiff amended its petition, naming two banks as defendants and contending that their alleged negligent conduct enabled the misappropriation of funds. In light of the default judgment previously entered, the bank defendants filed motions for summary judgment. The trial court granted the summary judgments, dismissing the plaintiff's suit against the banks. The plaintiff appeals. For the following reasons, we affirm.

**Factual and Procedural Background**

The plaintiff, First Baptist Church of Westlake (FBC), filed suit against its former financial secretary, Julia Elise Curry Leppo, alleging that during the course of her three-year employment, she used church funds for her personal use. The actions stemmed from the unauthorized use of checks and credit cards.[1] FBC also

---

[1] The petition alleges that Julia violated "the duties and responsibilities of her job in that she:

a.  Signed other persons' names to Church checks without authorization.
b.  Reported to Church that checks were written to one person or company when in reality checks were written to unauthorized persons or companies.
c   Reported to Church that checks so written were in one amount and in fact were written in other amounts not shown.
d.  Opened credit accounts and credit cards in the Church's name unknown to Church but were used for unauthorized expenses which were not for the use and benefit of Church but for Julia and/or her unauthorized designee.
e.  Used Church funds for the use and benefit of Julia and/or her designee without Church authorization.
f.  Failed to make appropriate and timely payments to the Internal Revenue Service of taxes withheld from employee payroll checks.
g.  Duplicated payroll payments to herself in excess of the salary amounts authorized by the Church.
h.  Improperly and inaccurately balanced and reported on bank statements and business accounts of Church to cover up the misuse and misappropriation of Church funds.
i.  Failed to use good and acceptable business accounting practices in her fiduciary capacity as an employee of the Church.
j.  Violated Church financial policies and practices and engaged in conduct to cover up all violations.

named Mrs. Leppo's husband, Gene Allen Leppo, as a defendant, alleging that the funds benefitted the community and, therefore, he was responsible for reimbursement of damages as well. FBC named no additional defendants.

A preliminary default was entered against Mr. and Mrs. Leppo on April 14, 2008. Thereafter, on April 29, 2008, and upon evidence entered by FBC, the trial court confirmed a default judgment against Mr. and Mrs. Leppo in the amount of $384,032.78, legal interest, and costs of the proceeding.

On the same day FBC confirmed the default judgment against the Leppos, it filed an amending petition, naming Citigroup, Inc. and Capital One ACP, LLC, (hereinafter Capital One) as defendants. The petition alleged that Citigroup was liable for FBC's losses as it "negligently, improperly and without authority issued in the name of First Baptist Church of Westlake Louisiana a credit card used by [Mrs. Leppo] to charge personal items to the church which were solely for the use and benefit of herself and her family . . . ." FBC asserted that "Citigroup failed to follow reasonable and safe business practices and procedures to assure that the Church had authorized the issuance of credit cards in its name used by Julia to make these charges[.]" The petition further alleged that Citigroup "breached its duty to protect the Church from fraudulent use of its name and financial resources for the issuance of credit and payment of unauthorized and fraudulent charges by Julia." Citibank (South Dakota), N.A., (hereinafter Citibank) filed an answer, noting that the petition erroneously identified it as Citigroup.

With regard to Capital One, FBC alleged that, due to the bank's negligence and lack of care, Mrs. Leppo "was able to draw unauthorized funds for payment for her,

---

k. Other acts of negligence and fault that will be shown at the trial of this matter.["]

2

her husband Gene and her family's sole benefit by forging signatures of other authorized persons, using Capital's internet banking features to avoid the requirement of two authorized signatures to draw on the Church's accounts[.]" FBC further asserted that Capital One failed "to warn the Church of obviously improper transactions which a reasonably prudent bank knew or should have known were fraudulent." FBC later corrected the corporate name of Capital One to "Capital One Bank, N.A., Capital One, N.A., Capital One Services, Inc., Capital One Financial Corp. and Capital One ACP, LLC[.]"

FBC reiterated the prayer of the original petition and sought judgment "against Citigroup, Inc. and Capital One ACP, LLC, jointly, severally and in solido with Julia and Gene Leppo awarding them damages for the loss it has suffered as plead herein, with legal interest thereon from the date of the original demand filed herein until paid, reasonable attorney fees and all costs of these proceedings."

Thereafter, both defendants filed motions for summary judgment and alleged that the default judgment entered against the Leppos precluded proceeding against them. They referenced the fact that FBC's original petition only named the Leppos, made no mention of the banks' alleged contribution to the misappropriation at that time, and that the default judgment was confirmed on the same date as the filing of the supplemental petition. Accordingly, the defendants contended that the default judgment was entered for all damages alleged to have arisen out of FBC's cause of action and that the evidence used in support of the default did not reveal any evidence implicating the banks. They noted that FBC did not preserve an action against other defendants. The trial court granted the motions for summary judgment, dismissing FBC's claims against Citibank and Capital One.

3

FBC appeals the dismissal of the defendants.

**Discussion**

*Summary Judgment*

Louisiana Code of Civil Procedure Article 966(B) requires that a summary judgment be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." Although the moving party bears the burden of proof on the motion, if the moving party will not bear the burden of proof at trial, he or she is not required "to negate all essential elements of the adverse party's claim, action, or defense[.]" La.Code Civ.P. art. 966(C)(2). Instead, the moving party is required:

> [T]o point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Id.* On review, an appellate court considers the granting or denying of a motion for summary judgment *de novo*. *Cutsinger v. Redfern*, 08-2607 (La. 5/22/09), 12 So.3d 945.

*Merits*

On appeal, FBC questions the summary judgments raising several procedural issues.[2] For instance, it contends that the record lacks evidence that the default

---

[2] The plaintiff assigns the granting of the summary judgments as error, but designates the following issues for review:

1. Was the First Amending Petition adding Capital One APC, LLC and Citibank (South Dakota), N.A. as defendants filed after the Judgment by Default was granted?

2. If a suit is amended to add additional defendants after a default judgment is taken against the originally named defendants and the newly added

judgment was entered before the amending petitions was filed and that, because an answer had not been filed, it was able to amend the petition and name additional defendants. It argues that the substance of the defendants' argument was in the nature of a cumulation of actions rather than a motion for summary judgment, and that, by answering the petition, the bank defendants waived any argument in that regard.

As in their motions for summary judgment, Citibank and Capital One argue, in part, that *Bolesny v. Cannonball Moving, Inc.,* 99-2096 (La.App. 4 Cir. 2/9/00), 752 So.2d 979, *writ denied*, 00-0741 (La. 4/28/00), 760 So.2d 1179, prevented the plaintiff's pursuit of other defendants following confirmation of the default judgment. In *Bolesny*, the fourth circuit concluded that, after obtaining a default judgment against an original defendant, the plaintiff could not later amend the petition to add another defendant. The panel remarked that the plaintiff "should not be allowed to repudiate his own petition in these proceedings once it has been reduced to judgment in these same proceedings[.]" *Id.* at 981. FBC asserts that *Bolesny* is inapplicable in

_____

> defendants file answers without filing a D[e]clinatory Exception of improper cummulation [sic] of actions and parties, have the defendants waived any alleged defect in filing that amendment adding those defendants to the proceedings?
>
> 3. Can a suit be amended to add additional defendants after a default judgment is taken against the original defendants?
>
> 4. Can the Trial Court grant summary judgment on the merits of a lawsuit if there is no petition of record before the Court?
>
> 5. Are the pleadings filed by First Baptist Church of Westlake, Louisiana in the case at bar distinguishable from the pleadings filed in *Bolesny v. Cannonball Moving Inc.*, 99-2096 (La.App. 4 Cir. 2/9/00), 752 So.2d 979 so as not to be construed as pleading that only the Leppos were solely liable to plaintiff/appellant and no one else could be at fault causing its damages?
>
> 6. Should the grant of the Motion for Summary Judgment by the Trial Court be reversed and this matter and remanded to the Trial Court for a trial on the merits in due course?

5

this case since the default judgment in that case was clearly obtained prior to amendment of the petition whereas, in this case, Citibank and Capital One have only alleged that the amending petition was filed after the confirmation of the default judgment. FBC also argues that this case is distinguishable from *Bolesny* as its petition against the Leppos does not assert that they were solely at fault.

Despite the procedural arguments from both parties regarding the applicability of *Bolesny* and the FBC's ability, or lack thereof, to amend the original petition, it is clear that this matter was presented to the trial court on motions for summary judgment. Review of the record indicates that this case was properly dismissed against these defendants on the merits of those motions.

Certainly, as the moving parties, Citibank and Capital One satisfied their initial burden of demonstrating that "there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense" as is required by La.Code Civ.P. art. 966(C)(2). The record contains both the petition filed against the Leppos, which makes no reference to other defendants or liable parties, and a default judgment entered in the underlying action against the Leppos in the amount of $384,032.78. The default judgment does not reserve an action against other defendants. In short, Citibank and Capital One pointed to an absence of factual support for their own liability.

Thereafter, FBC failed to sustain its corresponding burden of proof as the party that would bear the burden of proof at trial. *See* La.Code Civ.P. art. 966(C)(2). In response, FBC only offered the allegations of its petition, the pleadings, and an affidavit from its current financial secretary attesting to the fact that the Leppos had not satisfied the judgment entered against them. It offered no proof indicating that

6

it could satisfy its evidentiary burden of proving either independent or solidary liability for the judgment entered against the Leppos. Neither did it offer proof that it incurred damages beyond those accounted for in the default judgment. FBC relied, instead, on arguments asserting that it was able to amend the initial petition, notwithstanding the default judgment. On the record before us, this argument does not preclude summary judgment on the merits.

Accordingly, we find no error in the summary judgments entered in favor of the defendants.

**DECREE**

For the foregoing reasons, the trial court's judgment is affirmed. All costs of this proceeding are assessed to the appellant, First Baptist Church of Westlake.

**AFFIRMED.**

7