GUIDRY, J.
Uln this action to recover amounts allegedly due on an open account, defendants, Michael Scott Kirby and Randy Gomez, appeal from a judgment of the trial court granting summary judgment in favor of plaintiff, GWS Engineering, Inc., and awarding it $79,000.46 plus interest from the date of judicial demand until paid, attorney’s fees in the amount of twenty-five percent, and all costs of the proceeding. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
On January 5, 2007, Gomez and Kirby engaged GWS to provide professional land surveying and engineering services for the development of a thirty-acre tract of land on Highland Road in Baton Rouge, Louisiana. Following the initial meeting, GWS sent an engagement letter, addressed to Kirby, outlining the initial scope of services GWS could perform for them. GWS thereafter opened a file for the new project and created an initial work order on February 1, 2007, with Gomez and Kirby listed as the clients. GWS performed professional engineering and land surveying services from January 2007 to April 2009 on an open account. Kirby paid all of the invoices on the account through December 2007 by use of temporary checks written on a Business First account. Some of these checks had a notation that they were drawn on the account of “Trinity,” some said “Highland,” and some were left blank. No further payments were made on the account after December 2007.
Thereafter, on November 13, 2009, GWS filed a petition in suit on open account, originally naming Gomez and Trinity Capital Development of Louisiana, LLC as defendants, but thereafter amending and restating its petition to name Gomez and Kirby as defendants.[1] The petition alleged that GWS performed professional engineering and land surveying services as outlined and ordered by Gomez and Kirby |oOn an open account contract, and that Gomez and Kirby are indebted in solido to GWS for the sum of $79,000.46, plus legal interest from date of judicial demand until paid in full, reasonable attorney’s fees, and costs of the proceeding.
GWS asserted that at all pertinent times, Gomez and Kirby appeared to GWS and its employees as equal individuals in some real estate joint venture and at no time indicated that they were acting on behalf of anyone else, any entity, or representing some company, entity, or partnership. GWS also asserted that Gomez and Kirby engaged in a course of conduct that let GWS to believe they were acting on their own behalf and personally in charge of the project, requesting the work to be performed, and that they agreed to pay all amounts charged on their account with GWS in accordance with the two proposal letters.
Gomez answered the petition, generally denying GWS’s allegations and further asserting that he did not contract with GWS in his individual name or capacity nor did he sign any agreements guaranteeing the *73 debts of Trinity Capital Development of Louisiana, LLC. Kirby also answered the petition, generally denying GWS’s allegations and further asserting that he at no time was affiliated with or associated with Highland Developments, LLC, Gulf States Health Services, Trinity Capital Partners, Trinity Capital, or any other entity in which Gomez was a member. He further asserted that he at no time held himself out to be a partner of Gomez and/or a member of the aforementioned entities, nor did he enter into any agreement, contract, or open account with GWS either individually or on behalf of an entity.
Thereafter, on May 7, 2012, GWS filed a motion for summary judgment, stating that although Gomez and Kirby allege they are not personally liable for the debt owed to GWS because they were acting on behalf of some entity, there is no proof that Gomez and Kirby were acting on behalf of an entity when they engaged GWS, that they disclosed an entity or agency relationship when they engaged GWS, or that GWS knew that Gomez and Kirby were acting on behalf of some entity. ] 4Accordingly, GWS asserted that there is no genuine issue of material fact that Gomez and Kirby failed to disclose that they were acting as mandataries of an entity when they contracted with GWS for professional engineering and land surveying services, and therefore, GWS is entitled to judgment as a matter of law finding Gomez and Kirby individually and personally liable, in solido, to GWS for the outstanding debt.
Following a hearing on the motion, the trial court granted summary judgment in favor of GWS and against Gomez and Kirby in the full amount of $79,000.46, plus interest from date of judicial demand until paid, attorney’s fees in the amount of twenty-five percent, and costs of the proceeding. Gomez and Kirby now appeal from the trial court’s judgment. GWS answered the appeal and requested an additional award of attorney’s fees for services rendered in connection with the appeal.
DISCUSSION
An appellate court’s review of a summary judgment is de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. R.G. Claitor’s Realty v. Rigell, 06-1629, p. 4 (La.App. 1st Cir.5/4/07), 961 So.2d 469, 471-72, writ denied, 07-1214 (La.9/21/07), 964 So.2d 340. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).
On a motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966(C)(2). However, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, he need only demonstrate the absence of factual support for one or more essential elements of the adverse party’s claim, action, or defense. La. C.C.P. art. 966(C)(2). Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of Immaterial fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2); Robles v. ExxonMobile, 02-0854, p. 4 (La.App. 1st Cir.3/28/03), 844 So.2d 339, 341.
In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. Fernandez v. Hebert, 06-1558, p. 8 (La. App. 1st Cir.5/4/07), 961 So.2d 404, 408, *74 writ denied, 07-1123 (La.9/21/07), 964 So.2d 338. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. Fernandez, 06-1558 at p. 8, 961 So.2d at 408. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Fernandez, 06-1558 at p. 8, 961 So.2d at 408.
A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. C.C. art. 3016. On the other hand, a mandatary who contracts in his own name without disclosing his status as a manda-tary binds himself personally for the performance of the contract. La. C.C. art. 3017. Additionally, an agent who enters into a contract and discloses his status as a mandatary, though not his principal, binds himself personally for the performance of the contract. The mandatary ceases to be bound when the principal is disclosed. La. C.C. art. 3018. The agent has the burden of proving that he disclosed his agency status and the identity of his principal if he wishes to avoid personal liability. Frank’s Door & Building Supply, Inc. v. Double H. Construction Company, Inc., 459 So.2d 1273, 1275 (La.App. 1st Cir.1984).
According to the record, Gomez and Kirby met with GWS on January 5, 2007, to discuss GWS performing professional engineering and land surveying services for a thirty-acre tract of land on Highland Road. On the same date, GWS sent a work proposal to Kirby. The proposal does not bear Gomez or Kirby’s signature; however, Lon January 25, 2007, Gomez and Kirby met with GWS and requested that work begin. Thereafter, GWS performed preliminary work and issued an invoice on March 1, 2007 for services rendered from February 1, 2007 through February 25, 2007. The invoice listed Kirby as the owner and was mailed to his home address. Kirby paid the invoice with a temporary check with “Highland” handwritten on the payor line. Thereafter, several invoices were sent to Gomez and/or Kirby for preliminary work, and Kirby paid the invoices with temporary checks with “Highland,” “Trinity,” or nothing handwritten on the payor line.[2] On January 22, 2008, GWS prepared an additional proposal of fees. This proposal, referencing assistance in obtaining a wetlands permit for the project, indicates that such work was previously proposed to be performed on a “Time Charge” basis under the “Preliminary Phase” portion of the January 5, 2007 proposal, but that GWS, though willing to continue this time charge arrangement, was requiring a $7,500.00 retainer prior to commencing the work, which would be applied toward this phase of the project. Kirby again paid the $7,500.00 retainer with a temporary check with “Trinity” handwritten on the payor line. GWS continued to perform professional engineering and land surveying services, but three invoices for these services, totaling $79,000.46, remain unpaid.
Further, in support of its motion for summary judgment, GWS submitted the affidavits of G. Wayne Sledge, the president of GWS and its primary engineer, and Brandon Acosta, employed by GWS as a senior designer, who stated that at no time did either Gomez or Kirby indicate to them or anyone else at GWS that they *75 were acting on behalf of anyone else, any entity, or any company. Additionally, Sledge stated that when he initially met with Gomez and Kirby, they did not provide him or any other GWS employee with any business card identifying them as acting on behalf |7of some company. Sledge and Acosta stated that, at all times, they believed their clients to be Gomez and Kirby.
In opposing the motion for summary judgment, Gomez and Kirby do not assert that they expressly told Sledge or any employee of GWS that they were acting as the agents for an entity when they met with GWS to obtain its services. Rather, they assert that they are not personally liable for the debt because they presented evidence showing that sufficient evidence of the agency relationship was known by GWS so as to put it on notice of the principal/agent relationship. See J. T. Doiron, Inc. v. Lundin, 385 So.2d 450, 452-458 (La.App. 1st Cir.1980).
In 1997, the Louisiana Legislature enacted Act No. 261, which amended and reenacted Title XV of Book III of the Civil Code relative to representation, mandate, and procuration. Section 1 of Act 261 enacted La. C.C. arts. 3017 and 3018 relating to undisclosed mandate. Prior to this revision, there was no positive law in Louisiana directly addressing the concept of undisclosed mandate. Rather, the courts of this state, relying on former La. C.C. arts. 3012 and 3013[3] and applying common law principles of agency, held agents personally liable for debts they incurred if they failed to disclose their agency status and their principal’s identity. Frank’s Door & Building Supply, Inc., 459 So.2d at 1275-1276; J.T. Doiron, Inc., 385 So.2d at 452; Prevost v. Gomez, 251 So.2d 470, 473 (La.App. 1st Cir.1971); Chartres Corporation v. Twilbeck, 305 So.2d 730, 732 (La.App. 4th Cir.1974); Three Rivers Hardwood Lumber Co. v. Gibson, 181 So. 607, 609 (La.App. 2nd Cir.1938).
In J.T. Doiron, Inc., 385 So.2d at 452-453, this court addressed what constituted disclosure sufficient to put a third party on notice of a principal/agent ^relationship and determined that while actual written or verbal communication by the agent to the party with whom he is dealing is the best method to disclose the agent’s status, an agent may still be able to escape individual liability by proving that sufficient indicia of the agency relationship were known by the third party so as to put him on notice of the principal/agent relationship. Other courts prior and subsequent to the J.T. Doiron decision have similarly focused on whether the facts and circumstances of the case demonstrated that the third party was on notice of the principal/agent relationship in determining whether to impose personal liability on a purported agent. See George v. White, 12-101 (La.App. 5th Cir.10/30/12), 101 So.3d 1036; Irrigation Mart, Inc. v. Gray, 42,-442 (La.App. 2nd Cir.9/19/07), 965 So.2d 988, writ not considered, 07-2108 (La.12/14/07), 970 So.2d 522; Andrus v. Bourque, 442 So.2d 1383 (La.App. 3rd Cir. 1983); Three Rivers Hardwood Lumber Co., 181 So. 607; see also, Instant Print Centers, Inc. v. Crowley, 01-0336 (La.App. 1st Cir.3/28/02), 814 So.2d 69; Wilson v. McNabb, 157 So.2d 897 (La.App. 1st Cir. 1963).
*76 GWS asserts that J.T. Doiron, however, was superseded by the enactment of La. C.C. art. 3017. We disagree. The plain language of article 3017, which closely resembles the pre-revision jurisprudence, simply states that “[a] mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract.” Article 3017 does not, however, address what type of disclosure is sufficient to absolve an agent of personal liability; specifically, it does not specify that an agent is required to expressly disclose, either verbally or in writing, that he is acting as an agent.
“Disclose,” as that term is generally defined, means “to expose to view” or “to make known.” Webster’s New College Dictionary 330 (3rd ed. 2008). The language in J.T. Doiron and its progeny allowing for proof of “sufficient indicia of the agency relationship” comports with the generally-prevailing meaning of “disclose,” and 1 ¡¡therefore, we find that it is still applicable in determining whether an agent has disclosed his status as a mandatary to the third party. Cf. La. R.S. 24:177(C); see also Irrigation Mart, Inc., 42,442 at pp. 3-5, 965 So.2d at 991-992 (applying the rule enunciated in J.T. Doiron in conjunction with article 3017).
The determination of whether an agency relationship exists and in turn, whether that relationship has been disclosed, is a factual determination which must be decided on a case-by-case basis. See George, 12-101 at p. 13, 101 So.3d at 1044; Rodgers v. North Louisiana Amusement & Gaming, L.L.C., 45,700 (La.App. 2 Cir. 12/15/10), 56 So.3d 289, 291, writ denied, 11-0120 (La.3/4/11), 58 So.3d 481. In opposing GWS’s motion for summary judgment, Gomez offered a no work affidavit, signed by Sledge a short time after meeting with Gomez and Kirby, which states that at the request of Trinity Capital Development of Louisiana, Inc., he inspected the job site, which is the same site listed on GWS’s proposal, work orders and invoices, and that no work has begun at the site and no materials have been furnished. Gomez also introduced copies of invoices sent by GWS to Gomez and/or Kirby with checks paid from Trinity’s account. Additionally, Gomez introduced a copy of the second proposal sent by GWS to Kirby and Highland Development, LLC, which contained additional terms and an updated fee schedule. The retainer for this proposal was also paid by Kirby with a check identifying “Trinity” as the payor. Further, the unpaid charges on the account for services rendered by GWS, for which GWS is now seeking payment, were incurred subsequent to the second proposal and the payment thereof.
Accordingly, from our review of this and other evidence in the record, we find that a genuine issue of material fact exists as to whether sufficient indicia of the agency relationship were known by GWS when it contracted to provide professional engineering and land surveying services so as to put it on notice of Gomez and Kirby’s status as agents.
^CONCLUSION
For the foregoing reasons, we reverse the judgment of the trial court, granting summary judgment in favor of GWS and awarding it $79,000.46 plus interest from the date of judicial demand until paid, attorney’s fees in the amount of twenty-five percent, and all costs of the proceeding, and remand this matter to the trial court for further proceedings consistent *77 with this opinion.[4] All costs of this appeal are assessed to GWS Engineering, Inc.
REVERSED AND REMANDED.

. The trial court signed an order on December 20, 2010, granting GWS’s motion for leave to file an amended and restated petition and ordering that GWS's amended and restated petition be filed and that the caption be amended to read: GWS Engineering, Inc. v. Randy A. Gomez and Michael Scott Kirby.

. We note that in his brief, Gomez asserts that the only invoices bearing his name as an owner were invoices from 2008 and 2009, which he asserts did not originally list him as the owner, but were altered in response to the instant litigation. However, an invoice dated November 5, 2007 lists Kirby as an owner and is addressed to Gomez's attention.

. Former La. C.C. art. 3012 provided: "The mandatary, who has communicated his authority to a person with whom he contracts in that capacity, is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee.”
Former La. C.C. art. 3013 provided: "The mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.”

. In light of the reversal of the trial court's summary judgment, we deny GWS’s request for an award of additional attorney’s fees for services rendered in connection with the appeal.