HIGGINBOTHAM, J.
This matter concerns an oral construction contract and a dispute over unpaid invoices on a commercial project. The owner of the project and the general contractor that worked on the project both appealed the trial court's judgment that ordered the payment of the invoices and recognized a lien against the property and its owner.
BACKGROUND
Sometime in late 2007 to early 2008, Chad B. Bordelon, a general contractor, hired another general contractor, Steve Owens Construction, Inc. (Owens), to help him renovate immovable commercial property owned by Causeway Place, LLC, ("the Owner"), in Mandeville, Louisiana. The renovation involved transforming a former movie theater into a venue for events, named the Fleur de Lis Event Center ("the Project"). Bordelon informed Owens that the scope of the work to be performed by Owens was uncertain, because he intended to have some of his own employees and subcontractors do a portion of the work. Therefore, no firm estimate of the cost to complete the Project was ever offered by Owens. However, Bordelon and Owens ultimately came to an oral agreement for Owens to perform the work on the Project. Owens submitted weekly invoices to Bordelon for Owens' time and materials, plus 15% overhead and 10% profit.
Between January 2008 and October 2008, Owens submitted 48 invoices to Bordelon, all of which were paid by the Owner without question. Each invoice clearly indicated that it was a time and materials (T & M) invoice, and the labor was charged using a different hourly rate for each employee that included direct and indirect costs associated with those employees, such as insurance, social security, tax withholdings, benefits, and administrative fees. Each invoice also outlined the materials used each week, the equipment rented, a supervision fee for Steve Owens, and bills *604 for any subcontractor used by Owens on the Project. After paying invoices on a regular basis without incident for ten months, Bordelon presented a check to Owens on November 5, 2008, but he requested that Owens hold the check until the Owner could secure additional funding for the Project. Owens agreed to continue the work since the Project was nearing completion.
Owens submitted three more invoices and completed the Project at the end of December 2008. Owens continued to request payment from Bordelon on the outstanding invoices, receiving only a partial payment on one, while Bordelon persistently indicated that payment would be made as soon as additional financing was secured. In early 2009, Bordelon informed Owens that the remaining invoices would not be paid for a different reason than financing issues, because Bordelon thought that the work on the Project should have been billed on a "cost-plus" basis, rather than a T & M basis, so that the labor costs were limited to the direct wages that Owens actually paid its employees. Accordingly, Bordelon and the Owner refused to pay the remaining invoices totaling $70,042.89. Consequently, Owens filed a lien on the Project and filed a lawsuit against Bordelon individually, and the Owner of the Project. Bordelon and the Owner reconvened against Owens for an unspecified amount, claiming entitlement to a credit for the difference between the labor rate charged in all of Owens' invoices throughout the Project and the amount Owens actually paid its employees for the hours billed on the invoices.
A bench trial was held on February 13, 2017, where the parties stipulated that the works reflected in the invoices were truly performed. The only issues for the trial court was to determine the type of oral contract the parties agreed to, what amount Owens was entitled to charge for labor on the Project, and whether to recognize the lien that had been filed against the property, the Owner, and Bordelon. The trial court ultimately determined, with written reasons for judgment, that the oral agreement constituted a T & M contract and that Owens was entitled to judgment against the Owner for all of the unpaid invoices plus legal interest. Additionally, the trial court dismissed Bordelon and the Owner's reconventional demand, while recognizing Owens' lien against the Owner and the property, but not Bordelon individually.
Owens appealed the trial court's judgment, assigning error to the trial court's dismissal of Owens' claim against Bordelon individually, maintaining that Bordelon was liable in solido with the Owner because he had acted as an undisclosed agent of the Owner. The Owner also appealed the trial court's judgment, arguing that the trial court erred in finding that the parties had orally agreed to a T & M contract as opposed to a cost-plus contract and therefore, the trial court had erred in dismissing Bordelon and the Owner's reconventional demand.
DISCUSSION
A trial court's determination of the existence or nonexistence of an oral contract is a finding of fact governed by the manifest error or clearly erroneous standard of review. See Read v. Willwoods Community, 2014-1475 (La. 3/17/15), 165 So.3d 883, 888. An appellate court cannot set aside a trial court's factual findings in the absence of manifest error or unless those findings are clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). If the factual findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse, even if convinced that had it been *605 sitting as the trier of fact, it would have weighed the evidence differently. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840 (La. 7/1/97), 696 So.2d 551, 556 (citing Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La. 1990) ).
A party who seeks to demand performance of a contract is required to prove the existence of that obligation. La. Civ. Code art. 1831. The facts supporting the existence of the contract must be proven by a preponderance of the evidence. B.M. Albrecht Elec., Inc. v. Griffin, 413 So.2d 246, 247 (La. App. 4th Cir.), writ denied, 414 So.2d 1252 (La. 1982) (citing Bordlee v. Pat's Const. Co., Inc., 316 So.2d 16, 17 (La. App. 4th Cir. 1975) ). When claiming the existence of an oral contract for the payment of money above $500.00 in value, the party must prove the existence and terms of the contract by at least one credible witness and other corroborating circumstances. See La. Civ. Code art. 1846. To meet the burden of proof of an oral contract, the party may serve as its own witness. B.M. Albrecht Elec., 413 So.2d at 247. However, the corroborating circumstances that are required must come from a source other than the party. Pennington Const., Inc. v. R A Eagle Corp., 94-0575 (La. App. 1st Cir. 3/3/95), 652 So.2d 637, 639 ; Hilliard v. Yarbrough, 488 So.2d 1038, 1040 (La. App. 2d Cir. 1986). The other corroborating circumstances may be general and need not prove every detail of the party's claim. Hilliard, 488 So.2d at 1040. Whether there is sufficient corroborating circumstances to establish an oral contract is a question of fact governed by the manifest error standard of review. Key Office Equipment, Inc. v. Zachary Community School Bd., 2015-1412 (La. App. 1st Cir. 4/15/16), 195 So.3d 54, 60, writ denied, 2016-0841 (La. 6/17/16), 192 So.3d 772. We also note that when evaluating the evidence needed to establish the existence of an oral contract, the trial court is allowed to make credibility determinations. Id.
In this case, there is no real dispute that an oral contract existed. Furthermore, our review of the entire record reflects that Bordelon and the Owner must have been aware of the T & M basis for calculating the amount of each invoice throughout the Project. All of the invoices submitted to Bordelon and timely paid by the Owner without objection clearly revealed at the top of each invoice that they were T & M invoices, and there was no evidence of any negotiated amount that would have been typical of a cost-plus type of agreement.[1] The trial court found those facts to be significant, and so do we.
Additionally, the trial court carefully considered the evidence and testimony, and especially recognized the experience of each of the contractors as professionals in the construction industry. The trial court found it noteworthy that both Bordelon and Owens would have been well aware that the hourly rate paid to an employee is only the starting point of the costs to the employer and, further, Bordelon had specifically indicated to Owens that he did not need any detailed explanation about the costs of employees since he understood the actual costs involved.
*606 Also, the trial court found that due to the sophistication of the general contractors involved and the testimony of the parties, Owens had to have known that Bordelon was not undertaking the huge Project in his personal capacity. Moreover, the fact that all payments of the T & M invoices, from the first to the last, were issued by the Owner rather than Bordelon individually, sufficiently revealed an indication that both contractors understood that they were not contracting with each other on an individual basis, but instead they were operating on behalf of their juridical entities.[2]
Considering these facts, we are in complete agreement with the trial court's reasonable conclusion that the work on the Project was performed under an oral T & M agreement made between Owens and the Owner. Thus, we find no merit to any of the assignments of error made by any party, as each assigned error is dispositive by the trial court's factual findings as explained in its written reasons for judgment. Further, there is no indication of manifest error in the trial court's credibility determinations or weighing of the evidence.
CONCLUSION
For the reasons assigned, the judgment appealed from is affirmed in all respects. All costs of this appeal are assessed equally between the first appellant-appellee, Steve Owens Construction, Inc., and the second appellant, Causeway Place, LLC.
AFFIRMED.
Holdridge J., concurs

See Burdette v. Drushell, 2001-2494 (La. App. 1st Cir. 12/20/02), 837 So.2d 54, 59. writ denied, 2003-0682 (La. 5/16/03), 843 So.2d 1132 (a "costs plus" or a "percentage" contract is a construction contract in which the owner agrees to reimburse the contractor for the costs of material and labor and to pay a percentage of those costs as his profit). See also Peterson Sales Co., Inc. v. C-Moore Glass, Inc., 296 So.2d 397, 399 (La. App. 2d Cir. 1974) (failure to object to an invoice within a reasonable time is regarded as an admission of its correctness by the party charged).

See GWS Engineering, Inc. v. Gomez, 2012-1888 (La. App. 1st Cir. 9/17/13), 135 So.3d 71, 74(citing La. Civ. Code art. 3018 and Frank's Door & Bldg. Supply, Inc. v. Double H. Const. Co., Inc., 459 So.2d 1273, 1275 (La. App. 1st Cir. 1984), an agent ceases to be personally bound when the principal is sufficiently disclosed).See also J.T. Doiron, Inc. v. Lundin, 385 So.2d 450, 453 (La. App. 1st Cir. 1980) (express notice of the agent's status and the owner's identity is unnecessary if facts and circumstances combined with the general knowledge that persons in that type of business are generally acting as agents, demonstrates that the third person should be charged with notice of the agency relationship). The determination of whether an agency relationship was sufficiently disclosed or made known is a factual determination which must be made on a case-by-case basis. GWS Engineering, 135 So.3d at 76.