# COURT OF APPEAL

# FIRST CIRCUIT

## 2019 CA 0944

## STEIN ENGINEERS, INC.

### VERSUS

## BAYOU COUNTRY ASSOCIATES, LLC, JOHN B. BRUMFIELD, JR. AND JOHN B. BRUMFIELD, JR., A PROFESSIONAL LAW CORPORATION

**Judgment Rendered:**   AUG 1 7 2020

* * * * * *

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. 615,817, Div. D

Honorable Janice G. Clark, Judge Presiding

* * * * * *

| | |
|---|---|
| John B. Brumfield, Jr.<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellants,<br>John B. Brumfield, Jr. and John B. Brumfield, Jr., A Professional Law Corporation |
| Edwin Allen Graves, Jr., David W. Carley, David C. Voss, and Joshua J. Coleman<br>Baton Rouge, Louisiana | Counsel for Plaintiff/Appellee,<br>Stein Engineers, Inc. |

* * * * * *

**BEFORE: WHIPPLE, C.J., GUIDRY, AND MCCLENDON, JJ.**

**MCCLENDON, J.**

In this suit on an open account, an attorney and his law corporation appealed the judgment of the trial court finding them liable in solido with the client for the unpaid balance of an expert witness fee. For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

This is a suit on an open account for payment of an expert witness fee. The sole issue presented is whether John B. Brumfield, Jr. and John B. Brumfield, Jr., A Professional Law Corporation (collectively referred to as "Brumfield") are personally liable for the account; there is no issue as to the amount owed or that the account is due.[1]

Appellant, John B. Brumfield, Jr., is an attorney who represented Bayou Country Associates, LLC ("Bayou Country") as plaintiff in a lawsuit titled **"Bayou Country Associates, LLC v. CNA Insurance Company, et al**, 2005-14643, 22nd Judicial District Court, Parish of St. Tammany, State of Louisiana" ("the CNA suit"). The CNA suit involved alleged engineering and construction defects in a building owned by Bayou Country. In connection with the litigation, Brumfield contacted Mike Stein with Stein Lasseigne, Inc., formerly Stein Engineers, Inc. ("Stein"), to request his services, including but not limited to, investigation and analysis of the building plans, inspection of the building, and development of a repair design for the building. At all times pertinent thereto, Stein was aware that Brumfield was counsel for Bayou Country in the CNA suit.

---

[1] Brumfield also assigns as error the trial court's denial of a motion for new trial from the judgment holding him solidarily liable with Bayou Country. The Louisiana Supreme Court has directed us to consider an appeal of the denial of a motion for new trial as an appeal of the judgment on the merits as well, when it is clear from the appellant's brief that he intended to appeal the merits of the case. See **Bourg v. Safeway Ins. Co. of Louisiana**, 2019-0270 (La. App. 1st Cir. 3/5/20), ___ So. 3d ___, 2020 WL 1129689, at *4, citing **Carpenter v. Hannan**, 2001-0467 (La. App. 1st Cir. 3/28/02), 818 So. 2d 226, 228-29, writ denied, 2002-1707 (La. 10/25/02), 827 So. 2d 1153. Since the merits of the case are also on appeal herein, we pretermit discussion of Brumfield's assignments of error related to the motion for new trial.

2

Stein's initial proposal, often referred to by the parties as an "engagement letter," was addressed to Brumfield in correspondence dated October 14, 2009. The engagement letter identifies Brumfield's firm as the "direct client" and expresses thanks for the opportunity to be of service to "you and your client." Brumfield forwarded the engagement letter to Bayou Country, but it does not appear the accompanying Client Authorization form was ever signed by either Brumfield or Bayou Country.[2] However, the engagement letter states, "If we proceed with the project based on a verbal or email authorization, acceptance of any engineering products provided by Stein Engineers, Inc. indicates acceptance of all terms and conditions of this proposal even if the Client Authorization form is not returned." Subsequent to the receipt of the engagement letter, Brumfield forwarded client documents to Stein for his use in reviewing and analyzing the construction of the building.

Stein and/or a member of his staff conducted two site visits in November and December 2009, respectively. Brumfield was present for at least the first visit, and a representative of Bayou Country was present at both site visits. No objection was made by the Bayou Country representative to Stein's presence at said site visits. However, Bayou Country's owner, Alvin L. Blue, Jr. ("Blue"),[3] testified that he did not authorize the hiring of Stein and that he does not recall seeing the Stein engagement letter, invoice, or the expert report. Blue testified that he actually "opposed another engineer coming in" because he previously hired an engineer and already knew what was wrong with the building. He "never gave [Stein] an okay to do anything to [the] building" and does not recall

---

[2] On appeal, the parties do not contest that a contract existed. In fact, Brumfield acknowledged at trial that Stein deserves to be paid. The sole issue on appeal is whether Brumfield should be held solidarily liable with Bayou Country.

[3] Mr. Blue testified on behalf of Bayou Country at its La. Code Civ. P. art. 1442 deposition. This deposition was introduced at trial with no objection. In the deposition, Blue testified that Stein's invoice was never presented to him, but he also testified that his late wife handled a lot of bills for Bayou Country, so the invoice "could have been emailed to her."

3

having any meetings, telephone conversations, or any other type of communication with Stein.[4]

On or about June 16, 2010, Stein sent his completed report for the CNA suit to Brumfield. The report states that it was prepared for Brumfield. On the same day, Stein invoiced Brumfield for the amount of $20,000. The invoice was addressed to "Mr. John B. Brumfield, Jr., Attorney at Law" and references the CNA suit. Brumfield forwarded the invoice to Bayou Country. Neither Bayou Country nor Brumfield expressed any objection to the invoice.

Thereafter, Stein attempted to collect the outstanding balance invoiced from Brumfield but was unsuccessful. As a result, Stein filed a petition for breach of contract in the 19th Judicial District Court in September 2012 against Brumfield and Bayou Country for the invoice total ($20,000), plus interest accruing at 18% per annum since July 2010.

The matter proceeded to trial on April 3, 2018. In his defense, Brumfield argued that he could not be held personally liable for the invoiced amount because he was acting in his capacity as mandatary of Bayou Country when retaining Stein's services for the CNA suit. At the conclusion of the trial, the trial court took the matter under advisement. On May 8, 2018, the trial court, via a minute entry, rendered judgment in favor of Stein in the amount of $77,355.69. In so ruling, the trial court stated,

> This Court is firmly of the opinion that defendant, Brumfield, has bound himself personally for failing to inform Stein that he was acting as agent and is liable to plaintiff in the full and true sum of $77,355.69 pursuant to the engagement letter. Also, Brumfield did have apparent authority to procure professional services on behalf of Bayou Country, having been clothed with the indicia by Bayou Country and are solidarily liable.

On May 18, 2018, the trial court signed a judgment that specifically awarded $77,355.69, plus court costs and judicial interest, in favor of Stein and against

---

[4] Although Blue testified as such, he also admitted that he was present at the meeting and, further, that Mrs. Blue would have been the one to see or handle the invoices.

4

John B. Brumfield, Jr., John B. Brumfield, Jr., APLC, and Bayou Country, in solido.[5]

On May 31, 2018, Brumfield filed a motion for new trial from the May 18, 2018 judgment, arguing that the trial court's judgment is contrary to the law and evidence. A hearing was held on July 9, 2018, and the trial court denied Brumfield's motion for new trial. Judgment on Brumfield's motion for new trial was signed on July 18, 2018.

Brumfield filed a notice of intention to apply for supervisory review of the trial court's denial of his motion for new trial on July 16, 2018. This court granted the writ application for the limited purpose of remanding the case to the trial court with instructions to grant Brumfield a devolutive appeal of the May 18, 2018 judgment pursuant to "the pleading that notified the trial court of their intention to seek writs." **Stein Engineers, Inc. v. Bayou Country Associates, L.L.C.**, 2018-1617 (La. App. 1st Cir. 4/9/19), 2019 WL 1552687 (unpublished). In accordance with this court's order, Brumfield filed a motion and order for devolutive appeal, which was granted on May 15, 2019.

## LAW AND DISCUSSION

The determination of whether an agency relationship was sufficiently disclosed or made known is a factual determination. **GWS Engineering, Inc. v. Gomez**, 2012-1888 (La. App. 1st Cir. 9/17/13), 135 So. 3d 71, 76. A court of appeal may not set aside a trial court's findings of fact in the absence of manifest error or unless they are clearly wrong. **Allerton v. Broussard**, 2010-2071 (La. 12/10/10), 50 So. 3d 145, 146-47. Under the manifest error standard, in order to reverse a trial court's determination of a fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding; and (2) further determine that the record establishes that

---

[5] Brumfield's client, Bayou Country, did not appeal the trial court's judgment. As a result, the question of Bayou Country's liability is not before us.

the factfinder is clearly wrong or manifestly erroneous. **Id.** at 147. Thus, a reviewing court may not merely decide if it would have found the facts of the case differently. **Cole v. Nicholls Plaza**, 2018-1594 (La. App. 1st Cir. 5/31/19), 2019 WL 2315337, at *1 (unpublished), citing **Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC**, 2014-2592 (La. 12/8/15), 193 So. 3d 1110, 1115. The issue to be resolved on review is not whether the judge or jury was right or wrong, but whether the judge's or jury's factfinding conclusion was a reasonable one. **Cole**, 2019 WL 2315336, at *2, citing **Stobart v. State through Dept. of Transp. and Development**, 617 So. 2d 880, 882 (La. 1993).

The relationship between attorney and client is one of principal and agent. See **Clegg v. USAgencies Ins. Co.**, 2007-1781 (La. App. 1st Cir. 3/26/08), 985 So. 2d 781, 783. A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. Civ. Code art. 3016. On the other hand, a mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract. La. Civ. Code art. 3017. Additionally, a mandatary who enters into a contract and discloses his status as a mandatary, though not his principal, binds himself personally for the performance of the contract. The mandatary ceases to be bound when the principal is disclosed. La. Civ. Code art. 3018. The agent has the burden of proving that he disclosed his agency status and the identity of his principal if he wishes to avoid personal liability. **GWS**, 135 So. 3d at 74.

Brumfield argues that he contracted with Stein in his capacity as mandatary for his client, Bayou Country, and therefore, he may not be held personally liable for the unpaid invoices issued by Stein. However, the evidence presented at trial—namely the engagement letter, Stein's expert report, and the invoice—demonstrates that Brumfield contracted in his own name. Of note, all

6

the foregoing documents were addressed and forwarded directly to Brumfield. Brumfield would not be held personally liable if he contracted in his capacity as a mandatary for his client within the limits of his authority and fully disclosed both his status as a mandatary and the identity of his principal.

Stein argues that although he was aware of the attorney-client relationship between Bayou Country and Brumfield, he was *not* aware Brumfield was contracting in his capacity as Bayou Country's mandatary rather than in his individual capacity. In support of this position, Stein testified that the attorney typically hires him in these types of engagements. Although he sometimes gets hired directly by the clients of the attorneys, this generally only occurs when his services are used to determine if there is a "real problem before proceeding forward with engaging an attorney." Stein also points out that while attorneys can act as agents and contract on their client's behalf, it is not uncommon for an attorney to contract in his or her individual capacity for services in the furtherance of his or her practice. On appeal, Stein notes, "While these costs are incurred for the benefit of the attorney's client, and often said expenses are passed on to the attorney's client, that does not make the client the principal contracting party."

Although Stein was clearly aware of the attorney-client relationship between Brumfield and Bayou Country, the record is devoid of any evidence that Brumfield specifically disclosed to Stein that Bayou Country would be solely responsible to Stein for his services. Stein's engagement letter identified Brumfield as the client, and Brumfield did not object.[6] Stein's report and invoice were issued to Brumfield, not Bayou Country. Brumfield did not inform Stein, through written correspondence or otherwise, that Bayou Country was the party

---

[6] Stein's engagement letter was addressed to "Mr. John Brumfield, Jr." and thanked him for the opportunity to be of service to "you and your client." Further, the body of the letter referred to Brumfield's firm as Stein's "direct client."

7

engaging Stein and the party from whom Stein should seek payment. Stein consulted only with Brumfield on the contents of the report, and the only contact Stein had with Bayou Country was to gain access to its premises in order to conduct the original inspection. Moreover, Stein contracted with Brumfield on at least one prior occasion where Brumfield signed the Client Authorization form and paid Stein directly. For these reasons, we are unable to find clear error in the trial court's factual findings, which are amply supported by the record, or in its conclusion that that Brumfield is liable in solido for the debt to Stein.[7] Therefore, we affirm.

## CONCLUSION

For the foregoing reasons, the May 18, 2018 judgment holding John B. Brumfield, Jr. and John B. Brumfield, Jr., A Professional Law Corporation liable in solido with Bayou Country Associates, LLC for the debt owed to Stein Engineers, Inc. is affirmed. All costs of this appeal are assessed to defendants/appellants, John B. Brumfield, Jr. and John B. Brumfield, Jr., A Professional Law Corporation.

**JUDGMENT AFFIRMED.**

---

[7] The parties rely on two Fourth Circuit cases: **Flettrich v. Touro Infirmary**, 2007-1621 (La. App. 4th Cir. 5/20/09), 13 So. 3d 1196, and **Sondes v. Sears, Roebuck and Company**, 501 So. 2d 829 (La. App. 4th Cir. 1986). Although the facts in both of these cases are similar to the facts presented herein, there was no dispute as to who the client of the plaintiff was; instead, these cases turned on whether the attorney exceeded the scope of his authority. Therefore, we do not find the cases to be pertinent to our analysis.